# SUPREME COURT.

## HYATT agt. WAGENRIGHT.

An *affidavit* for an order for the *publication* of the summons must show the *residence* of the defendant, or that it is neither *known* to the plaintiff, nor can with reasonable diligence *be ascertained by him.*

And the *order* must state that a copy of the summons and complaint be *forthwith* deposited in the post-office, directed, &c. An order which merely states that "a copy of the summons and complaint be deposited in the post-office addressed to the defendant," is defective and insufficient.

*At Chambers, Binghamton, Dec.* 10, 1859.

APPLICATION for an order for the publication of the summons.

HENRY WELCH, *for plaintiff.*

BALCOM, Justice. The Code requires that the order for the publication of the summons "must direct a copy of the sum-

mons and complaint to be *forthwith* deposited in the post-office, directed to the person, to be served *at his place of residence*, unless it appear that *such residence* is neither *known* to the party making the application, nor can *with reasonable diligence be ascertained by him.*" (§ 135, *sub.* 5.) The affidavits in this case do not show the *residence* of the defendant, or that it is neither *known* to the plaintiff, nor can with reasonable diligence *be ascertained by him.* Which facts they must show before I can grant the order applied for. The order presented is printed; but it is defective, as many that have been printed are. It states that a copy of the summons and complaint be deposited in the post-office, addressed to the defendant, and that is all. It should read that a copy be *forthwith* deposited, &c., for that is the language of the Code (§ 135, *sub.* 5); and it should also state that it be directed to the defendant, at his residence, *naming it,* if it is known.

For the foregoing reasons, I must return the papers in this case to the plaintiff's attorney, without granting the order applied for.