McCully *et al.* agt. Heller *et al.*

## SUPREME COURT.

FRANCIS K. McCULLY *et al.*, as executors, &c., of THOMAS B. PENNIE, impleaded, agt. ELIZABETH A. HELLER *et al.* (WAL- TER BELL, purchaser).

*Service of summons on non-resident — Verified copy of complaint need not be presented to the judge to give him jurisdiction to grant order for publication— When summons and complaint need not be mailed — When omission of the words "without the state" from the notice does not render service void — Clerical error not sufficient to vitiate the service— Code of Civil Procedure, sections 439, 440.*

Since the amendment of 1879, of section 439 of the Code of Civil Proced- ure, providing for order for publication of summons to be served on a non- resident defendant, the actual presentation of the particular verified complaint to the judge is unnecessary. Where there is a verified complaint on file in the county clerk's office and the affidavit presented for the order of publication sets forth such fact and annexes a copy thereof it is sufficient.

A clerical error in the order of publication, *i. e.*, mistake in the first name of one of the defendants, "Albert instead of Alfred," where the affidavits and the copies of order also summons and notice served on defendant contain the correct name, is not sufficient to vitiate the service.

Nor is the omission of the words "without the state" from the notice sufficient to render the service void.

When the summons and complaint are served on the defendants personally, without the state, a copy need not be mailed to them.

*Kings County, Special Term, March,* 1884.

THE action was brought to foreclose a mortgage. Mary G. Pennie and Alfred N. Pennie each owned one undivided sixth part of the premises subject to the mortgage. Mary G. Pennie was an infant of the age of sixteen years and Alfred N. Pennie an infant of the age of fourteen years. Both resided in Pennsylvania. On October 5, 1883, an order was made for service of the summons and complaint on said defendants by publication. The order recited that it was made on a copy of the verified complaint. The accompanying affidavit stated that the verified complaint was on file. The summons and complaint were served on the defendants personally without the state. No copy of the summons, complaint or order was mailed to them. The notice attached to the summons omitted the words "without the state." In the caption of the order the defendant Alfred was correctly described. In the body of the order he was designated as Albert. On the 27th of November, 1883, the defendants petitioned for the appointment of a guardian *ad litem,* who appeared for them in the action after such appointment. Upon a sale the purchaser objected to the title and moved to be relieved from his purchase.

*Joseph A. Burr, Jr.,* for Walter Bell, purchaser, for motion :

I. The court had no jurisdiction to appoint a guardian *ad litem* in a foreclosure action before service of summons, whether the infant was under or over fourteen, and whether he applies in his own behalf or not (*Ingersoll* agt. *Mangam,* 84 *N. Y.,* 622).

II. If the verified complaint is not presented to the judge granting the order of publication, there is no jurisdiction to grant it and service under it is void (*Code of Civil Pro., sec.*

439 ; *Ladd* agt. *Terra Haute C. and M. Co.*, 13 *Weekly Dig.*, 209 ; *Luther* agt. *Brison*, 4 *Mo. Law Bull.*, 91 ; *Orvis* agt. *Goldschmidt*, 64 *How. Pr.*, 71 ; *Williamson* agt. *Williamson*, 64 *How. Pr.*, 450).

III. The omission of the words "without the state" from the notice rendered the service void (*Lafarge* agt. *Mitchell*, 4 *Mo. Law. Bull.*, 36).

IV. The defendant Alfred N. Pennie was not named in the order (*Code of Civil Pro.*, sec. 440).

V. The summons, complaint, &c., should have been mailed (*Ritten* agt. *Griffith*, 16 *Hun*, 456).

*George V. Brown*, for plaintiff, opposed :

I. If there was any defects the voluntary appearance of the infants by their guardian conferred jurisdiction.

CULLEN, *J.* — I think there was a valid service of the summons on the infant defendants, and therefore it is unnecessary to pass upon the effect of their appearance by guardian. The Code in 1879 was amended so that instead of requiring that the plaintiff "must present to the judge a verified complaint," it now provides that the order of publication "must be founded upon a verified complaint." To give any effect to this amendment it must be that the actual presentation of the particular verified complaint is unnecessary. In this case there was a verified complaint on file in the county clerk's office. The affidavit presented for the order of publication set forth such fact and annexed a copy thereof. I think an order made on such affidavit and copy is certainly "founded" on the verified complaint.

The mistake in the first name of one of the defendants, found in the order of publication, that is, "Albert" instead of Alfred," I think is not material. The affidavit and the caption of the order contain the correct name ; so do the summons and notice served on the defendant. I do not think clerical error sufficient to vitiate the service. The same is

McCully.*et al.* agt. Heller *et al.*

true of the omission of the words "without the state" in the notice attached to the summons.

There remains to be considered the objection that a copy of the summons and complaint was not sent to the defendants by mail in addition to the personal service made upon them. Were it not for the opinion delivered in *Ritten* agt. *Griffith* (16 *Hun*, 455), I should think it clear that the mailing was unnecessary. But the remarks on this point found in the opinion are *obiter*, and therefore not authoritative. The section of the Code provides for publication of the summons, or in lieu thereof personal service of the summons, complaint and order on the defendant out of the state. The order must further direct that on or before the day of the first publication a copy of the summons, complaint and order must be sent to defendant by mail. There is no provision that such copies shall be sent before personal service, and in the case of personal service it is not possible to mail the copies before the first publication, because there is no publication. It is true that is reading the statute closely according to its mere words, and I admit should not prevail were there anything in the spirit or object of the section of the Code requiring a contrary construction to be given to it. But I think there is not. The object of sending the copies by mail is that such copies may reach the defendant. But why serve a copy in that manner, when it has already been served or is to be served upon the defendant personally. What is to be attained by such double service? Secondly, there is this distinction between service by publication and personal service out of the state that make the provision as to sending copies by mail applicable in the first case, though unnecessary in the second. In the case of publication, only the summons and notice is published. The defendant who reads the publication is apprized that an action has been instituted against him and of the parties to that action, but not as to the particular claim. Therefore, the complaint is to be mailed to him to give such information. But in the case of personal service out

of the state, the copy, complaint and order must be served. Personal service out of the state is more than publication, because if only what is published, *i. e.*, the summons and notice, was served personally; the service would be a nulli y. I think neither the spirit of the Code nor its language requires transmission by mail in this case.

Motion denied.