Margaret E. Littlejohn, Respondent, *v.* Lucy A. Littlejohn Leffingwell, Individually and as Sole Executrix, etc., of De Witt C. Littlejohn, Deceased, who was the Sole Executor and Trustee, etc., of Alida M. Littlejohn, Deceased, and Elisha Dyer Leffingwell, Appellants, Impleaded with Another.

*Service of summons by publication — when a second order therefor is properly obtained to protect the plaintiff — sufficiency of the order under section 440, Code of Civil Procedure — attempt to begin an action by mailing a summons to a sheriff which reaches him after his term has expired — the relation of the outgoing to the incoming sheriff.*

An attorney for the plaintiff in an action, who has been notified by the defendants that they would move to vacate an order obtained for the service of the summons therein by publication on account of the alleged insufficiency of the affidavits upon which it was granted, may properly obtain a second order of publication with a view to protecting his client against the mischance of having the first order adjudged to be defective.

An order of publication which directs that "the plaintiff deposit in the post office at the city of Brooklyn a set of copies of the summons and complaint in this action, and of this order * * * directed to the said defendants, Lucy A. Littlejohn Leffingwell and Elisha Dyer Littlejohn, at Cairo, Egypt," is a substantial compliance with the provisions of section 440 of the Code of Civil Procedure.

The mailing of a summons on the 30th day of December, 1897, to the then sheriff of a county, which did not reach him until the 1st day of January, 1898, when his successor, although entitled to the office of sheriff, had not taken possession of the same or served upon the outgoing sheriff the certificate required by sections 182 and 183 of the Code of Civil Procedure, constitutes an attempt to commence an action, within the meaning of section 399 of the Code of Civil Procedure.

*Semble,* that the outgoing sheriff, while retaining possession of the office awaiting the advent of the new sheriff, is to be considered as his agent in receiving such process as comes into his hands until the transfer of the office is complete.

Appeal by the defendants, Lucy A. Littlejohn Leffingwell, individually and as sole executrix, etc., of De Witt C. Littlejohn, deceased, and Elisha Dyer Leffingwell, from so much of an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 10th day of June, 1898, as denies said defendants' motion to vacate an order of publication made in the action, and denies their motion to vacate the service of the summons under said order of publication.

*Henry B. Hathaway*, for the appellants.

*William E. Warland*, for the respondent.

WILLARD BARTLETT, J.:

We will consider, in the order in which they are presented in the appellants' brief, the several objections which are made to the order of publication which the court below has refused to vacate :

(1) The first objection is that the order of publication was irregular, because at the time it was granted a prior order of publication was still in force.

We do not think that this objection is fatal. The plaintiff's attorney had obtained an order of publication and had received notice that the defendants would move to vacate it on account of the insufficiency of the affidavits upon which it had been granted. Fearing that such affidavits might not be sufficient to uphold the order against the attack thus threatened, the attorney, to guard his clients against the mischance of having the first order adjudged defective, obtained the order of publication in question on this appeal. It seems to us that, under the circumstances, his conduct in so doing should be commended as the adoption of a wise precautionary measure, instead of being held prejudicial to the validity or regularity of the second order. It is to be borne in mind that there is no question here of the oppressive use of either order.

(2) It is argued that the order of publication does not comply with the requirements of the Code in respect to the directions which it must contain.

It directs that " the plaintiff deposit in the post office, at the city of Brooklyn, a set of copies of the summons and complaint in this action, and of this order * * * directed to the said defendants, Lucy A. Littlejohn Leffingwell and Elisha Dyer Leffingwell, at Cairo, Egypt."

Section 440 of the Code of Civil Procedure prescribes that such an order must contain a direction that " the plaintiff deposit in a specified post office one or more sets of copies of the summons, complaint and order, * * * directed to the defendant at a place specified in the order."

We think that the language of the order was a substantial compliance with the law. The direction was broad enough to authorize

a set of copies of the papers to be sent to each of the absent defendants, and it seems that this was actually done.

(3) It is contended that the affidavits failed to show due diligence in attempting to serve the defendants personally within the State.

We have carefully examined the papers on this point, and, without reviewing here in detail the facts which are stated in the affidavit, we are satisfied that they were amply sufficient to give the court jurisdiction.

(4) The case was one in which it was necessary to show that an attempt had been made to commence the action against the defendants by delivering the summons to the sheriff of Schuyler county prior to the 3d day of January, 1898; and the appellants contend that the proof fails to show any delivery whatever of the summons to the sheriff for service.

It appears that on the 30th day of December, 1897, the summons was mailed to Alva S. Fitzgerald, then sheriff of Schuyler county, but that it did not reach him until the 1st day of January, 1898. At that time a successor was entitled to the office of sheriff, but had not yet taken possession of the same, or served upon Mr. Fitzgerald the certificate required by sections 182 and 183 of the Code of Civil Procedure. Those sections read as follows:

"Where a new sheriff has been elected or appointed, and has qualified and given the security required by law, the clerk of the county must furnish to the new sheriff a certificate, under his hand and official seal, stating that the person so appointed or elected has so qualified and given security.

"Upon the commencement of the new sheriff's term of office, and the service of the certificate on the former sheriff, the latter's powers as sheriff cease, except as otherwise expressly prescribed by law."

These provisions are substantially the same as those contained in the old Revised Statutes. (2 R. S. 438, §§ 67, 68.) The Revised Statutes prescribed, just as the Code does, that upon the service of the certificate upon the former sheriff, his powers as sheriff, except when otherwise expressly provided by law, shall cease. This provision was interpreted by the old Supreme Court to mean that until the certificate of the clerk was served upon the old sheriff he had authority to execute process placed in his hands as sheriff, and that the powers of the old sheriff did not cease until the powers of the

new sheriff became complete. (*Curtis* v. *Kimball*, 12 Wend. 275.) This construction is just as applicable to the Code as it was to the Revised Statutes, and it makes the delivery of the summons in this case to Mr. Fitzgerald an attempt to commence an action within the meaning of section 399 of the Code of Civil Procedure.

There is another view in which the delivery may be deemed sufficient. If there were no question of a certificate in the case at all, it might fairly be held that Mr. Fitzgerald, retaining possession of the office of sheriff, as he did at the time he received the summons and awaiting the advent of the new sheriff, was the agent of the latter in receiving such process as came into his hands until the transfer of the office was complete.

(5) Finally, we are asked to vacate the order of publication on the ground that the complaint upon which it is founded does not set out a sufficient cause of action against the defendants to be served.

The complaint cannot be regarded as insufficient to warrant the granting of some relief to the plaintiff without adopting a highly stringent and technical construction of the pleading — more stringent and technical than we think is fairly justified by the language of the pleader.

The order appealed from is affirmed, with costs.

All concurred.

Order affirmed, with ten dollars costs and disbursements.