### GAY v. ULRICHS.

(Supreme Court, Appellate Division, Second Department. March 18, 1910.)

1. PROCESS (§ 98*)—SUMMONS—ORDER OF PUBLICATION—SUFFICIENCY.
   Under Code Civ. Proc. § 440, requiring the order of publication to contain a direction that on or before the day of the first publication plaintiff deposit in a specified post office copies of the summons, etc., directed to the defendant to be served, an order directing deposit of the papers in the "post office at New York" sufficiently specified the post office.

   [Ed. Note.—For other cases, see Process, Cent. Dig. § 123; Dec. Dig. § 98.*]

2. PROCESS (§ 108*)—SUMMONS—MAILING—SUFFICIENCY.
   Code Civ. Proc. § 440, requires the order of publication to contain a direction that on or before the day of the first publication plaintiff deposit in a specified post office copies of the summons, etc., directed to the defendant to be served. Held, in view of previous legislation and decisions, that, where the order directed deposit of the papers in the post office at New York, a deposit in a post box regularly maintained in a building as a part of the general post office was not sufficient.

   [Ed. Note.—For other cases, see Process, Cent. Dig. § 135; Dec. Dig. § 108.*]

   Woodward, J., dissenting.

Action by Charles R. Gay against Matilda Ulrichs. Submission of controversy on agreed statement of facts under Code Civ. Proc. § 1279. Judgment for defendant.

Argued before WOODWARD, JENKS, BURR, THOMAS, and CARR, JJ.

Edward M. Grout (Chauncey E. Treadwell, on the brief), for plaintiff.

Felix Reifschneider, Jr., for defendant.

BURR, J. The only question in this case is whether in the foreclosure action brought by Charles R. Gay against Hannah Neumann and others the court acquired jurisdiction, so that Rachel Segelofsky

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

was bound by the judgment entered therein.　Plaintiff attempted to make service upon her pursuant to the provisions of an order of publication.　Defendant contends, first, that the form of the order is insufficient; and, second, that, if sufficient, its terms were not complied with.　Unless deposit in the post office is dispensed with, an order of publication must contain a direction that on or before the day of the first publication plaintiff deposit in a specified post office copies of the summons, complaint, and order contained in a securely closed postpaid wrapper directed to the defendant to be served at a place specified in the order.　Code Civ. Proc. § 440.　This order directed that the papers be deposited in the "post office at New York," and it is claimed that this is not the specification of a post office.　Since January 1, 1898, within the territorial limits of the Greater New York, there have been and now are several general post offices.　In a sense they are all post offices in New York.　But the post office within the boundaries of the present borough of Manhattan, which was the former city of New York, is generally spoken of as the "New York post office," and such designation of it would be readily understood.　The United States post office authorities still recognize a distinction between the post office in Manhattan and the post offices in Brooklyn and the various other municipalities which now constitute the city of New York, which are independent offices, and the post office in Manhattan is still designated by them as the New York post office.　We think that this is a substantial compliance with the requirement of the statute, and, if so, it is sufficient.　Littlejohn v. Leffingwell, 34 App. Div. 185, 54 N. Y. Supp. 536; Mishkind-Feinberg Realty Co. v. Sidorsky, 111 App. Div. 578, 98 N. Y. Supp. 496, affirmed 189 N. Y. 402, 82 N. E. 448; Cook v. Kelsey, 19 N. Y. 412; McCully v. Heller, 66 How. Prac. 468.

The question whether the terms of the order were complied with is more difficult.　The papers were not deposited in the general post office in Manhattan, but in the post box in the Trinity Building, at No. 111 Broadway, in the said borough.　The agreed state of facts upon which this controversy is submitted contains a statement that this post office box was regularly maintained as a part of the New York City general post office which is located in the borough of Manhattan.　As matter of fact, it is not the general post office.　The provisions of the Code of Civil Procedure relative to the mailing of the papers necessary to constitute sufficient service of a summons by publication are contained in sections 438 and 440.　The general provisions for service of notices or other papers in an action upon a party are found in sections 796, 797, and 801 thereof.　Under the authority of these latter sections as originally adopted, where service is not personal, it might be made upon a party by depositing the paper, properly inclosed in a post-paid wrapper, in the post office of the party or the attorney serving it (Code Civ. Proc. § 797), and in the city of New York, where a paper is served through the post office, the deposit of the package in a branch post office had the same effect as a deposit in the general or principal post office of that city (supra, § 801).　These sections, however, are followed by another section constituting part of

the same article, which provides that "this article does not apply to the service of a summons or other process." Id. § 802. The Code of Procedure (sections 134 and 135) provided that the order of publication must direct a copy of the summons and complaint to be forthwith deposited in the post office. So closely was this statute construed that an order which omitted the use of the word "forthwith" was held insufficient. Hyatt v. Wagenwright, 18 How. Prac. 248. The Code of Procedure provided that notices and other papers might be served by mail when the person making the service and the person on whom it is to be made reside in different places between which there is regular communication by mail. Code Proc. § 410. This was construed as meaning that the papers must be deposited in the post office in the town in which the attorney making the service resides, and, if made in any other place, the service was invalid unless the papers were actually received, and within the time required. Schenck v. McKie, 4 How. Prac. 246; Peebles v. Rogers, 5 How. Prac. 208. Again, inasmuch as the statute provided that such mode of service may be employed only when the person to be served is a party to the action or his attorney, it was held that service of a notice of appeal upon the clerk by mail was not a good service, although mailed in time, provided it was not received until after the time to appeal had expired. Morris v. Morange, 26 How. Prac. 247. When the Code of Civil Procedure was adopted in 1877, for the first time a new section appeared which provided that in the city of New York the deposit of papers other than a summons and the necessary papers accompanying it in a branch post office had the same effect as a deposit in the general or principal post office of that city. Code Civ. Proc. §§ 797, 801. In 1897 section 797 was amended by providing that such papers might be deposited in the post office "or in any post office box regularly maintained by the government of the United States, and under the care of the post office, of the party or the attorney serving it." Laws 1897, c. 40. In the light of the strict construction put upon the words of the statute relating to service of papers by mail, and in view of the fact that the Legislature deemed it necessary to add to the previously existing statute, express provisions permitting the service of papers in an action, other than the summons, by deposit in a branch post office, or a post office box regularly maintained by the United States government, while it not only failed to include similar provisions in that section of the Code relating to the mailing of a summons and the accompanying papers in connection with the service thereof, but declared that the sections above referred to relating to the mailing of papers in an action should not apply to the service of a summons, it seems to us that the legislative intent is clearly declared that such papers should not be so mailed. We have not overlooked the decision in the case of Mechanics' & Traders' Bank v. Crow, 5 Daly, 191, nor the dictum in Greenwich Bank v. Degroot, 7 Hun, 210, but these decisions were made with reference to the service of a notice of protest, and we think should not be extended beyond that which was necessarily involved in the determination of the case. In view of the very general custom of mailing most important papers in letter boxes under the control of the post office

authorities in most of the large office buildings in the city of New York, and in view of the fact that no one except officials or employés of the post office department have access thereto, it may be urged with a great deal of force that it is quite as likely that papers thus deposited will reach the person for whom they are intended as though they were deposited in the general post office. This may be true, but we think the language and history of the statutes applicable to the service of papers by mail forbid us to adopt the construction urged by the plaintiff in this proceeding. There is no evidence in this case that the papers were actually received by the person to whom they were addressed, and it is not necessary for us to determine whether, if there had been proof of that, a different rule would be adopted.

There must be judgment for the defendant upon the submission of the controversy, but without costs.

JENKS and THOMAS, JJ., concur. WOODWARD, J., dissents.

CARR, J. I concur in the opinion of Mr. Justice BURR, but I think a few additional words may not be amiss.

Under the Code of Procedure the rule as to mailing a copy of the summons, when it was served by publication, was set forth in section 135 thereof. The language of the then statute was that the summons and other papers should be "deposited in the post office." In our present Code (section 440) the language used is more specific and the requirement is that the party shall "deposit (the papers) in a specified post office." This means that the order on which the service is based must specify the post office in which the deposit is to be made. In this case the order specifies as follows: "In the post office at New York." This language may be taken, as Justice BURR points out, to mean the post office in New York City in the borough of Manhattan. Our present Code, however, uses for the purpose of prescribing methods of service through the mails three terms, "post office" (section 440), "post-office box" (section 797), "branch post office" (section 801). The article which employs the terms "post-office box" and "branch post office" (sections 796–802) by express terms does not relate to the service of a summons (section 802). In the use of these various terms, the Code of Civil Procedure was framed with relation to the Revised Statutes of the United States. The federal statutes create and prescribe in this respect three distinct agencies of the postal department, as follows: "Post offices" authorized by section 3829 of the United States Revised Statutes (U. S. Comp. St. 1901, p. 2608), "receiving boxes for the deposit of mail matter" authorized by section 3868 (page 2637) thereof, and "branch post offices for the receipt and delivery of mail matter," authorized by section 3871 (page 2639) thereof. All three of these agencies have separate and distinct statutory authorization; and, while all three are parts of the agencies employed by the postal department for the collection and transmission of mail matter, each is distinct from the other, as each is separately authorized by statute. The words used in the order of publication now before us, "in the post office at New York," can be considered only as specific because there is but one

post office in "New York" (i. e., the borough of Manhattan, for the purposes of this controversy). We may take judicial cognizance of the fact that there are a great many "branch post offices" and thousands of mail boxes maintained by the postal department. Yet none of these branch post offices nor letter boxes can be said to have been "specified" by the order of publication through the use of the words "in the post office at New York."

It appears that the letter or mail box in which the papers were actually deposited was located in the "Trinity Building, No. 111 Broadway, New York City." This building is presumably a private building. No letter box could be maintained therein under the federal statutes, unless the building was open to the public during business hours. Act Cong. Jan. 23, 1893, c. 41, 27 Stat. 421 (U. S. Comp. St. 1901, p. 2638). The stipulation in this record that the box in question was maintained by the postal department as a part of the post office in New York City means only that the box was lawfully authorized under the act of 1893, which amended an act of 1887 (Act Cong. March 3, 1887, c. 388, 24 Stat. 569). Neither under our statutes nor under the federal statutes was this box "the post office at New York." Between this box and the post office another governmental agency intervened, to wit, the carrier who collected the mail from the box and brought it to the post office itself. He, of course, was another agent of the postal department, but with an agency again created by a separate and distinct statutory authorization. A paper deposited in the post office itself necessarily escaped any chances of delay or miscarriage attending the collection of the mail from letter boxes elsewhere maintained.

Thus there is an evident reason why our statute should have prescribed "a specified post office," rather than permit an ordinary mailing.

JENKS and THOMAS, JJ., concur. WOODWARD, J., dissents.