EISEK KORN et al., Respondents, *v.* MAX LIPMAN et al., Appellants.

Service of process — order of publication — mail chutes as depositories for mail — order that papers be mailed by depositing same in general postoffice of a city, not complied with by depositing same in mail chute in office building.

An order for publication under section 440 of the Code of Civil Procedure, which provides that the plaintiffs deposit a copy of the summons, complaint and order in the action in the general postoffice in the city of New York, is not complied with by proof that the papers were mailed by depositing them in a mail chute which extended from one of the upper stories of a building in that city to a United States postoffice box located on the ground floor corridor of said building.

*Korn* v. *Lipman*, 141 App. Div. 927, affirmed.

(Argued March 13, 1911; decided April 4, 1911.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered December 23, 1910, which affirmed an order of Special Term denying a motion by defendants for judgment upon the pleadings.

The plaintiffs entered into a written contract with the defendants by which the defendants agreed to convey to them certain real property in the city of New York. On the day therein named for closing the title the plaintiffs were ready to fulfill the contract on their part, but refused to accept the title proffered by the defendants on the ground that the same was not marketable. It appeared that the defendants' title was obtained by a deed in foreclosure, and that the owner of the equity of redemption in said real property sought to be cut off by such foreclosure was at the time a resident of Nashville, in the state of Tennessee. The plaintiff in the foreclosure obtained from the court an order directing that service of the summons upon the said owner be made by publication in two newspapers named therein, or at his option by serving the same with a copy of the complaint and of the order without the state, personally; and the order further provided: "That on or before the day of the first pub-

lication as aforesaid the plaintiffs deposit in the general post-office in the county of New York, city and state of ·New York, a copy of the summons and complaint herein and of this order contained in a securely closed postpaid wrapper directed to the said defendant Saidie Kregerman, at Nashville, Tennessee." It further appeared that said summons, complaint and order were mailed "in a postoffice box regularly maintained by the government of the United States and under the care of the postoffice authorities at the borough of Manhattan, city of New York" and that the postoffice box in which said package was mailed was a mail chute which extended from one of the upper stories of the Home Life Insurance building at No. 257 Broadway, in the borough of Manhattan, city of New York, to a United States postoffice box located on the ground floor corridor of said building. This action was thereafter brought to recover from the defendants the amount paid by the plaintiffs on account of said contract, together with their expenses in examining the title and their alleged damages by reason of the failure of the defendants to perform the contract. The pleadings in the action, it is assumed, present for determination only one question, and that is whether the mailing of said summons, complaint and order, as stated, is a compliance with said order and with the statute. A motion was made by the defendants for judgment upon the pleadings, which was denied upon the authority of *Gay* v. *Ulrichs* (136 App. Div. 809). An appeal was taken from the order entered thereon to the Appellate Division, where the order was affirmed, also upon the authority of *Gay* v. *Ulrichs* (*supra*). The Appellate Division subsequently, at the request of the defendants, entered an order granting leave to appeal to this court, and certified that the following question of law has arisen which in its opinion ought to be reviewed by the Court of Appeals, viz.: Are the defendants entitled to judgment on the pleadings?

*Gustav Lange, Jr.*, for appellants. The deposit of the summons, complaint and order of publication in the United

States letter box, as admitted in the pleadings, was a sufficient compliance with the order. (Code Civ. Pro. § 797 ; *M. & T. Bank* v. *Crow*, 5 Daly, 191 ; 60 N. Y. 85 ; *Wynen* v. *Schappert*, 6 Daly, 558 ; *Greenwich Bank* v. *De Groot*, 7 Hun, 210 ; *Steinle* v. *Bell*, 12 Abb. Pr. [N. S.] 171 ; *Casco Nat. Bank* v. *Shaw*, 79 Me. 376 ; *Pearce* v. *Langfit*, 101 Penn. St. 507 ; *M. F. Realty Co.* v. *Sidowsky*, 189 N. Y. 402 ; 111 App. Div. 578 ; *Littlejohn* v. *Leffingwell*, 34 App. Div. 185.)

*Lewis C. Grover* and *Theodore Burgmyer* for respondents. The deposit of the summons and complaint in the post-office box in the Home Life Insurance Company's building at No. 257 Broadway, in the borough of Manhattan, city of New York, was not a compliance with the order of publication, and was not a service upon the said absent defendant, Sadie Kregerman. (*Gay* v. *Ulrichs*, 136 App. Div. 809.)

CHASE, J. The due process of law to which a person is entitled by constitutional provision before being deprived of property requires that notice shall be given to such person by lawful service of process before any judgment shall be taken against him.

The general rule in regard to the service of process established by centuries of precedent is that process must be served personally within the jurisdiction of the court upon the person to be affected thereby. Substituted service when provided by statute is in derogation of such general rule, and, consequently, the directions thereof must be strictly construed and fully carried out to confer any jurisdiction upon the court.

The Code of Civil Procedure provides substitutes for personal service in special cases. (Sections 435 to 445.) An order of the court, or of a judge thereof, as provided by said sections, is necessary. Section 440 requires that an order of publication shall contain a provision "That, on or before the day of the first publication, the plaintiff deposit in a specified postoffice, one or more sets of copies of the summons, complaint, and order." The language of the section quoted is significant of the legislative intent that care and caution must

be exercised in the steps that are to result in obtaining jurisdiction over the person upon whom the substituted service is authorized.

In this case the order provided: "That on or before the day of the first publication, as aforesaid, the plaintiffs deposit in the general postoffice in the county of New York, city and state of New York." The general postoffice is one established by the postmaster-general in pursuance of section 3829 of the Revised Statutes of the United States as distinguished from a branch office established in pursuance of section 3871, and a receiving box established in pursuance of section 3868 of said Revised Statutes. There is no other statutory provision except as hereinafter stated directing the particular manner or place where a summons or other process served pursuant to an order of publication shall or may be mailed; or defining with greater particularity than as stated in the section of the Code quoted the meaning of "postoffice" or "specified postoffice."

Sections 796 to 802, inclusive, of the Code of Civil Procedure do not apply to the service of a summons or other process (section 802) except as stated in section 802 as the same was amended by chapter 65 of the Laws of 1909. Said section 802, as so amended, provides as follows: "This article except the last section does not apply to the service of a summons, or other process; or of a paper to bring a party into contempt; or to a case where the mode of service is specially prescribed by law." The amendment of 1909 consisted of adding the words therein "except the last section." The last section referred to is apparently section 801, which provides: "In the city of New York, where a paper is served, or a return is made, through the postoffice, the deposit of the package in a branch post-office has the same effect, as a deposit in the general or principal postoffice of that city." Said section 801 recognizes the distinction between "a branch postoffice" and "the general or principal postoffice," and it does not include a "receiving box."

By specifically providing that the deposit of a package in a

branch postoffice has the same effect as a deposit in the general or principal postoffice of the city, it practically and inferentially states that a deposit in a receiving box has not the same effect as though deposited in the general or principal postoffice of the city. The summons and other papers herein were not mailed in either a "branch postoffice" or "the general or principal postoffice." We are of the opinion that the form of the order in this case is within the statutory direction and that it did not permit of serving the summons, complaint and order by mailing in the chute attached to the receiving box as stated. We also concur in the opinions delivered in the Appellate Division in *Gay* v. *Ulrichs* (*supra*), on the authority of which the Special Term and Appellate Division decided against the contention of the appellants, so far as the same hold that the statute must be strictly followed and that section 797 of the Code of Civil Procedure is not applicable to the service of a summons or other process.

The order should be affirmed, with costs, and the question certified answered in the negative.

CULLEN, Ch. J., and WILLARD BARTLETT, J., concur; WERNER and HISCOCK, JJ., concur in the result on the ground that the order of publication specifically required deposit in the "general postoffice;" VANN, J., dissents; HAIGHT, J., absent.

Order affirmed.