MANZI et al. v. MAYER.

(Supreme Court, Appellate Term, First Department. May 22, 1913.)

COURTS (§ 189*)—MUNICIPAL COURTS—SUMMONS—SUBSTITUTED SERVICE—DEPOSIT IN POST OFFICE.

Where an order for substituted service of summons and complaint, under Municipal Court Act (Laws 1902, c. 580) § 33, directed that it be deposited in the post office, a service by depositing it in a post office box or mail chute was insufficient.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 412, 413, 429, 458; Dec. Dig. § 189.*]

Appela from City Court of New York, Special Term.

Supplemenary proceedings by Pascal Michel Manzi and another, copartners under the name of Manzi & Joyant, against Herbert E. Mayer. From an order denying defendant's motion to vacate an order of examination, he appeals. Reversed.

Argued May term, 1913, before LEHMAN, BIJUR, and WHITAKER, JJ.

Feiner & Maass, of New York City (Ira Skutch, of New York City, and Manfred Nathan, of counsel), for appellant.

Sidney L. Josephthal, of New York City, for respondents.

LEHMAN, J. The judgment debtor appeals from an order denying his motion to vacate an order for his examination in supplementary proceedings. The order is based upon a judgment in the Municipal Court. The judgment was taken by default after substituted service of the summons. The order for substituted service was made in accordance with section 33 of the Municipal Court Act (Laws 1902, c. 580), and it contained a direction that a copy of the summons and complaint be deposited in a post office in the borough in which the defendant was last known to reside. It appears from the proof of service that the copy was deposited in the "mail chute at 71 Broadway, borough of Manhattan."

The case of Gay v. Ulrichs, 136 App. Div. 809, 121 N. Y. Supp. 726, presents exactly analogous facts, except that in that case the service was attempted in accordance with an order of publication made pursuant to the provisions of the Code of Civil Procedure, instead of service attempted in accordance with an order for substituted service made pursuant to the provisions of the Municipal Court Act. This distinction is, however, in my opinion, immaterial, and the rule enunciated in that case, and expressly approved by the Court of Appeals in the case of Korn v. Lipman, 201 N. Y. 404, 94 N. E. 861, that service of a summons and complaint directed to be deposited in the post office is not effected by deposit in a post office box, is decisive of the question before us. Both cases represent attempts to obtain jurisdiction other than by personal service under statutes in derogation of the general rule that process must be served personally within the jurisdiction of the court upon the person to be affected thereby, and both statutes and both orders required service to be made by deposit in a post office, and not in a post office box or mail chute.

It follows that the order must be reversed, with $10 costs and disbursements, and the motion to vacate granted, with $10 costs. All concur.