(83 Misc. Rep. 523)

### DENNIN v. DUFFY et al.

(Supreme Court, Equity Term, Monroe County.   January, 1914.)

1. PROCESS (§ 74*)—CONSTRUCTIVE PROCESS—AFFIDAVITS.

Affidavits made part of the moving papers for constructive service and filed with the clerk of the court are constructively before the justice granting the order for substituted service.

[Ed. Note.—For other cases, see Process, Cent. Dig. § 88;   Dec. Dig. § 74.*]

2. PROCESS (§ 75*)—ORDERS—AMENDMENT.

While the court cannot amend any proceedings necessary to confer jurisdiction, yet, when jurisdiction is once obtained, orders providing for constructive service may be amended so as to cure mere irregularities.

[Ed. Note.—For other cases, see Process, Cent. Dig. § 88;   Dec. Dig. § 75.*]

3. PROCESS (§ 70*)—SUBSTITUTED SERVICE—STATUTES.

Where substituted service is desired, a substantial compliance with the Code is sufficient.

[Ed. Note.—For other cases, see Process, Cent. Dig. § 84;   Dec. Dig. § 70.*]

4. PROCESS (§ 98*)—SUBSTITUTED SERVICE—STATUTE.

Code Civ. Proc. § 439, provides that an order for publication must be founded upon a verified complaint, and section 438 requires the affidavit to show that defendant was a resident of the state who had been without the state for six months next before the granting of the order, and that he had not made the designation of any person upon whom to serve a summons in his behalf.   Section 440 requires the order to contain a direction that the plaintiff shall deposit, in a specified post office, copies of the summons, complaint, and order, directed to the defendant at a place specified in the order or a statement that the judge is satisfied by the affidavits that plaintiff cannot ascertain the place where the defendant would probably receive mail matter.   *Held*, that an order of publication based on an affidavit required by section 438 was valid, even though the complaint was not mailed to defendant's correct street number, for, while it is customary to include that information in the affidavit, it is not jurisdictional and is dispensed with when plaintiff cannot with reasonable diligence ascertain it.

[Ed. Note.—For other cases, see Process, Cent. Dig. §§ 121–124, 126;   Dec. Dig. § 98.*]

Action by Hannah C. Dennin against Loretto Duffy and another. On motion to set aside an order of publication.   Motion denied.

Morton Stein, of New York City (Wile & Oviatt, of Rochester, of counsel), for plaintiff.

Robbins, Brown & Phillips, of Hornell, for defendant Duffy.

SAWYER, J.   This is a motion to set aside an order of publication granted under subdivision 3 of section 438 of the Code of Civil Pro-

cedure. It appears that the above-named defendant resides at 358 Lake avenue, Rochester, N. Y., but that in the affidavits and papers, upon which the order was obtained, her residence was variously stated as being at 81 Lake avenue and 217 Lake avenue in that city. It further appears that the summons, complaint, order for publication, and notice, under section 442 of the Code of Civil Procedure, were in pursuance of a direction in said order mailed to her at 217 Lake avenue, Rochester, N. Y.

[1] The affidavits referred to in and made a part of the moving papers and stated by Mr. Stein to be filed in the office of the clerk of Monroe county June 7, 1913, were constructively before the justice who granted the order. This practice is that commonly followed under such circumstances; papers which are part of files of the court's clerk being construed as at all times in the possession of the court or judge, as the case may be. The affidavit of William H. Pollock, also therein referred to, was stated to be in the possession of Mr. Justice Benton, and a copy thereof to be attached. The copy however, was not so attached, but the omission is not, in my judgment, a necessarily fatal defect. The order will be sustained if the remainder of the moving papers contain the necessary jurisdictional statements. Such an oversight would then be an irregularity only and could, if desired, probably be cured by a subsequent filing.

[2] The court cannot amend any proceedings necessary to confer jurisdiction, but, where jurisdiction is once obtained, they are free to sustain such orders, overlooking or rectifying that which is simply irregular as justice may seem to require. Waters v. Waters, 7 Misc. Rep. 519, 27 N. Y. Supp. 1004; McCully v. Heller, 66 How. Prac. 468; Von Rhade v. Von Rhade, 2 Thomp. & C. 491.

[3, 4] Section 439 of the Code of Civil Procedure provides that such an order must be founded upon a verified complaint, and proof by affidavit of the facts required by section 438. In this instance that section required the affidavit to show that Loretto Duffy was an adult, a resident of the state of New York, and had been continuously without such residence more than six months next before the granting of the order, and that she had not made a designation of a person upon whom to serve a summons in her behalf. All these facts are clearly and distinctly stated in the various affidavits upon which the order in question was obtained. The allegations to that effect are accompanied and supported by circumstantial details sufficient to free them from the criticism of being conclusions only, and not only show her to have been a resident of the state of New York, but expressly allege that her residence was upon Lake avenue in the city of Rochester, which statement was in fact true.

Section 440 of the Code treats of the order itself and provides that it must contain either a direction "that, on or before the day of the first publication, the plaintiff shall deposit in a specified post office one or more sets of copies of the summons, complaint, and order,  *  *  * directed to the defendant, *at a place specified in the order,* or a statement that the judge, being satisfied, by the affidavits upon which the order was granted, that the plaintiff cannot, with reasonable diligence,

ascertain a place or places, where the defendant would probably receive mail matter transmitted through the post office, dispenses with the deposit of any papers therein." I take it that these provisions, read together, mean that the judge who grants the order shall so direct the mailing to a place where he thinks it probable the defendant would receive matter transmitted through the post office, unless he is satisfied that the plaintiff cannot ascertain such a place, when the mailing may be dispensed with.

The Code is silent as to when, or where, or how he is to receive the information to carry out this direction, but it is customary to include it in the affidavit provided for in section 439. Under these sections all that was required of the plaintiff to show by the moving papers concerning defendant's residence was that she was a *resident of the state of New York,* and the order thereon must, in addition to that for publication, have contained a direction that the papers be mailed to her at a place where the judge deemed it likely that matter mailed in the post office would be received. There appears to be no requirement that the street and number, nor even the town or city, of a defendant's residence be stated in the affidavit, and any as to a place where mail will probably be received is only to be inferred. That the bare statement of residence within the state must be supported by evidence of such investigation and facts discovered as will raise a fair presumption that it is true is, of course, well understood, but it is readily seen that facts sufficient for that purpose might be obtained where the exact locality of residence within the state could not be learned. It follows that the only object of including defendant's street address among the other statements in the affidavit is to give the judge such information as will enable him to decide where mail addressed to defendant would probably be received, and to include in the order a direction accordingly.

The matter is not jurisdictional. The fair intendments of the sections are that the plaintiff shall use due diligence to ascertain where mail will probably be received by a defendant and impart the information to the judge granting the order. If no information is obtained, mailing is dispensed with, and, if incorrect information is received and acted upon, the defendant is in no worse plight. In either event the plaintiff has presumably done his best, and with that the defendant must be content. A debtor who has left the state cannot justly require of his creditor anything beyond reasonable effort to locate him. No guaranty of success is imposed either by law or in equity. A substantial compliance with the requirements of the Code is all that is necessary to give validity to proceedings under these sections (Brooke v. Saylor, 44 Hun, 554), and this is certainly so of a requirement which is inferential only.

It is quite likely, where, because of such a mistake, a defendant remained ignorant of the proceedings and judgment ran by default, the default would be opened and the defendant allowed to come in and answer, if application therefor was made within a reasonable time, and a real defense was made apparent. Beyond this the court will not interfere in such cases.

This construction of these sections seems to be borne out by an examination of the provisions relating to substituted service of process upon residents of the state. Code Civ. Proc. §§ 435, 436. There the requirement is that the order must provide for, and the service of the summons must be made by, leaving a copy thereof *"at the residence of the defendant"* and "by depositing another copy thereof * * * addressed to the defendant * * * *at his place of residence."* It is reasonable to suppose that within the well-understood rule of construction, if the Legislature had intended the order described in section 440 to require the papers therein enumerated to be directed and mailed to the defendant at his residence, such intention would have been expressed in the same precise and understandable language made use of in section 436. No case involving this question has been called to my attention by counsel or discovered by me. Those presented in Eisenhofer v. New Yorker Zeitung, 91 App. Div. 94, 86 N. Y. Supp. 438, and Korn v. Lipman, 201 N. Y. 404, 94 N. E. 861, cited upon the briefs, are to my mind entirely different. In the former case an attempt was made to serve a summons upon a corporation, but the person actually served was one other than those described in subdivision 3 of section 431 of the Code, and it was held that the fact that the summons ultimately reached the corporation was not a validation of an entirely unauthorized and ineffectual service. Korn v. Lipman is an authority for the proposition that the direction for mailing contained in an order under section 440 of the Code must be strictly and accurately followed. It, as I read it, does not hold that such order must correctly designate a place, either where defendant lives or will receive mail. Counsel's comment that in the Korn Case the plaintiff did not mail the summons *at* the proper place, whereas here the plaintiff did not mail the summons *to* the proper place, is a correct statement of fact. His conclusion that the cases are alike in principle, and that, because the service in the former was held irregular, a similar disposition should be made of this, fails, it seems to me, to take in consideration the fact that the one is required by the Code while the other is not.

Motion to vacate and set aside the order of publication granted herein by Mr. Justice De Angelis September 15, 1913, is denied, with costs. So ordered.