HERMAN VON DER HEYDE, Plaintiff, *v.* RAYMOND L. DITMARS, Defendant.

First Department, November 3, 1916.

Process — service by publication — deposit in postoffice.

A deposit of a summons, complaint and order of publication in an action of foreclosure in Station R, instead of the general postoffice in the city of New York, is a sufficient compliance with the provision of section 440 of the Code of Civil Procedure providing for the deposit of such papers "in a post-office."

SUBMISSION of a controversy upon an agreed statement of facts pursuant to section 1279 of the Code of Civil Procedure.

*Eugene L. Brisach,* for the plaintiff.

*William A. Keating,* for the defendant.

McLAUGHLIN, J.:

Submission of a controversy under sections 1279–1281 of the Code of Civil Procedure. The plaintiff became the owner of certain real estate in the city of New York at a sale under foreclosure of two mortgages. Some or all of the defendants — which does not appear — were served in pursuance of orders of publication which directed the deposit of the summons and complaint and order of publication in the postoffice at 378 East One Hundred and Forty-ninth street in the city of New York, such office being generally known as the New York Postoffice Station R. After he obtained title he contracted to sell the same to the defendant. The question presented is whether the plaintiff can give a good and sufficient title. The defendant objects to taking title on the ground that the plaintiff cannot do so. The real point of the objection is that the deposit of the summons, complaint and order of publication in Station R did not comply with the provisions of section 440 of the Code of Civil Procedure, the contention being that inasmuch as this section requires such papers to be deposited in a postoffice, in order to make the service good, such deposit in the city of New York had to be in the general postoffice of that

city. This contention is sought to be supported by *Gay* v. *Ulrichs* (136 App. Div. 809). That authority does not sustain such contention. All that was there held was that a deposit in a post box regularly maintained by the postoffice authorities in an office building did not constitute good service. The conclusion reached in *Gay* v. *Ulrichs* (*supra*) was approved by the Court of Appeals in *Korn* v. *Lipman* (201 N. Y. 404). It was there held that a deposit in a mail chute which extended from one of the upper stories of a building to a United States postoffice box located on the ground floor was not good service.

Section 801 of the Code of Civil Procedure provides that "In the city of New York, where a paper is served or a return is made through the post-office, the deposit of the package in a branch post-office has the same effect as a deposit in the general or principal post-office of that city."

Sections 796–802, inclusive, of the Code of Civil Procedure do not apply to the service of a summons or other process, except as stated in section 802, as amended by chapter 65 of the Laws of 1909. This section, as amended, provides that "This article, except the last section, does not apply to the service of a summons or other process; or of a paper to bring a party into contempt; or to a case where the mode of service is specially prescribed by law." The Court of Appeals pointed out in *Korn* v. *Lipman* (*supra*) that the words "except the last section," added by the amendment of 1909, referred to section 801, Judge CHASE, who delivered the opinion, saying: "The last section referred to is apparently section 801, which provides: * * *. Said section 801 recognizes the distinction between 'a branch postoffice' and 'the general or principal postoffice,' and it does not include a 'receiving box.' By specifically providing that the deposit of a package in a branch postoffice has the same effect as a deposit in the general or principal postoffice of the city, it practically and inferentially states that a deposit in a receiving box has not the same effect as though deposited in the general or principal postoffice of the city. The summons and other papers herein were not mailed in either a 'branch postoffice' or 'the general or principal postoffice.'"

In the present case the terms of the order of publication were literally carried out by depositing in the postoffice designated

First Department, November, 1916.          [Vol. 174.

in the order the summons, complaint and order of publication. The action in foreclosure in question was instituted in Bronx county, where the property affected was located. If our interpretation of the statute is not correct, then in every case service by mail in local actions must be made by deposit in the general postoffice in another county, as there is no general postoffice in Bronx county. Such a construction would lead to an absurdity.

It follows that so far as the objection is concerned, the plaintiff has good title and is entitled to judgment against the defendant to that effect, without costs, and directing defendant to take title.

CLARKE, P. J., LAUGHLIN, DOWLING and PAGE, JJ., concurred.

Judgment ordered for plaintiff, without costs. Order to be settled on notice.