DELORA SCHWARTZ, Plaintiff, *v.* JULIUS SCHWARTZ, Defendant.

(Supreme Court, New York Trial Term, November, 1920.)

Process — service by publication — proof of mailing — letter box within building — Code Civ. Pro. § 440.

> Judicial notice cannot be taken that a mail box at 280 Broadway in the city of New York was authorized or maintained under the acts of congress relating to the postal service.
>
> Where an order for the service by publication of the summons, etc., directed, as provided by section 440 of the Code of Civil Procedure, that they be deposited in a " post office, branch post office or post office station," an affidavit of service stating that the deposit was made " in a mail box at 280 Broadway " is insufficient.

SERVICE by publication.

Samuel Dickstein, for plaintiff.

No appearance for defendant.

HENDRICK, J. The summons, etc., herein were ordered served by publication in newspapers and (following the language of Code Civ. Pro. § 440) by deposit in a " post office, branch post office or post office station." They were deposited in a mail box in No. 280 Broadway (affidavit of service). When the statute, which has since been several times amended, provided that deposit, when not dispensed with alto-

gether, should be in a " specified " post office, and an order thereunder specified the general post office of New York city, the Court of Appeals held in *Korn* v. *Lipman*, 201 N. Y. 404 (1911), that deposit in a chute leading to the government box in the Home Life Insurance Company Building at No. 257 Broadway was not compliance with the statute or with the order therein. The statute, by Laws of 1914, chapter 346, was amended by omitting the word " specified " before " post office." It was not again amended until 1917.

In 1916 the Appellate Division of the first department, speaking by Mr. Justice McLaughlin, held that deposit in post office, station " R," in Bronx county, which was not, he said, either a post office or a branch post office, was compliance with the statute. He said: " If our interpretation of the statute is not correct, then in every case service by mail in local actions must be made by deposit in the general post office in another county, as there is no general post office in Bronx county. Such a construction would lead to an absurdity." *Von Der Heyde* v. *Ditmars*, 174 App. Div. 390, 392. The next legislature amended the statute by including the words " branch post office or post office station." Laws of 1917, chap. 98. It was again amended by providing that the order of publication, when it did not dispense with mailing altogether, could provide, if the defendant were in a country at war with the United States or cut off from communication with the United States by war, that the summons, etc., be mailed to the alien property custodian at Washington. Laws of 1918, chap. 309. In the Civil Practice Act, which will take effect next April, the legislature, in providing that service might be made by publication, is entirely silent as to how it may be made. Civ. Prac. Act, § 234. The statute, *in pari materia*, with section 440 of the Code, is to be

considered as affording some aid in construing the present and the earlier statute. *Chase* v. *Lord,* 77 N. Y. 1; *People ex rel. Westchester Fire Insurance Co.* v. *Davenport,* 91 id. 574; *N. Y. C. & H. R. R. R. Co.* v. *Williams,* 199 id. 108. Furthermore, the legislature has commanded that the rule of the common law that a statute in derogation of the common law must be strictly construed does not apply to the Code (§ 3345). This provision is continued by section 3 of the Civil Practice Act, which is further required by section 2, to be liberally construed.

Congress has provided for the maintenance of the Postal Service. U. S. Comp. Stat. 16, tit. XLVI. While post offices, branch post offices, stations, substations and receiving boxes, among other things, are authorized, they are not defined, except that a branch post office is declared to be a place where mail is both received and distributed. § 7277. Acts of Congress, being the supreme law of the land, are judicially noticed by state courts. *Case* v. *First Nat. Bank,* 59 Misc. Rep. 269; *Carlin* v. *N. Y., N. H. & H. R. R. Co.,* 71 id. 521, 524; *B'enner* v. *Atlantic Dredging Co.,* 134 N. Y. 156, 160. All of these authorized stations and boxes are part of the postal service. All of them, except post offices and branch post offices, function similarly. The United States Court of Claims, speaking of a " substation," has said: "A ' substation ' is not to be confounded with a ' branch post office.' These ' substations ' are found in cigar shops, apothecary shops and other similar places of public resort and only receive mail. They distribute none. In effect they differ not at all from the ordinary lamp post box — the box is put ' indoors ' instead of remaining ' out of doors;' that is all the difference." *Woolverton* v. *United States,* 34 Ct. Cl. 247. The postmaster-general may authorize receiving boxes to be

placed wherever he thinks the public convenience will be served, being restricted in respect of installation in buildings to such buildings as are public or are open to the public during business hours. 7 U. S. Comp. Stat. 16, § 7277. The Supreme Judicial Court of Maine has held: " Street letter boxes are authorized by an act of Congress (R. S. U. S., sec. 3868) and are as completely and exclusively under the care and control of the post office department as boxes provided for the reception of letters within the post office building themselves; and we think a letter deposited in a street letter box, which has been put up by the post office department, is as truly mailed, within the meaning of the law, as if it were deposited in a letter box within the post office building itself. It has been held that a delivery to a letter carrier is sufficient. *Pearce* v. *Langfit,* 101 Penn. St. 507."

But the affidavit of service of the summons, etc., herein is insufficient, for the reason that it only alleged that deposit was made " in a mail box at 280 Broadway." Judicial notice cannot be taken that this mail box was one authorized or maintained under the provisions of the postal laws. The case may be reopened and the necessary proof, it it exists, supplied. *Clark* v. *Vorce,* 15 Wend. 193; *Williams* v. *Sargeant,* 46 N. Y. 481; *People* v. *Ferrone,* 204 id. 551, 553; 26 R. C. L., tit. Trial, § 48. Such proof must be made before December first next.

Decreed accordingly.