B. BERMAN, INC., Plaintiff, *v.* AMERICAN FRUIT DISTRIBUTING COMPANY OF CALIFORNIA, Defendant.

(Supreme Court, Erie Special Term, February, 1921.)

Process — service by publication — where papers must be mailed — when motion to vacate judgment granted — Code Civ. Pro. § 440.

Motions and orders — when defendant's motion for order of restitution denied — attachment — foreign corporations.

Service of an order of publication, together with the summons and complaint, by depositing the papers, contained in a securely closed postpaid wrapper, in a letter-box other than in the post-office, is not good.

Supreme Court, February, 1921.          [Vol. 114.

Where an order for the service of the summons directed that a copy of the summons and complaint and order of publication, contained in a securely closed postpaid wrapper, be deposited in the post-office as required by section 440 of the Code of Civil Procedure, but upon application for judgment the only proof of mailing was an affidavit stating that the papers were deposited in a depositary maintained by the United States government in a privately owned building, the defect is jurisdictional and not merely an irregularity, and defendant's motion to vacate the judgment will be granted.

Defendant, a foreign corporation, which did not appear in the action, has no property within this state and is not doing business therein, delayed making the motion to vacate the judgment for nearly a year. *Held*, that as in the event of granting defendant's motion for an order of restitution of its property taken by virtue of a warrant of attachment, plaintiff's only relief would be to institute proceedings in the state of defendant's residence, the motion will be denied.

MOTION by defendant to set aside judgment and for order directing restitution of property taken on warrant of attachment.

Lawrence & Lathrop, for motion.

Walter C. Newcomb, opposed.

BROWN, J.    The order for service of the summons directed that " the plaintiff shall deposit in the post-office at the City of Buffalo, County of Erie and State of New York a copy of the summons and complaint and of this order, contained in a securely closed postpaid wrapper, directed to the defendant," etc.    The only proof of such required mailing presented upon application for judgment was by affidavit stating: " That on the 23rd day of July, 1919, deponent deposited in a depositary maintained by the United States Government in the D. S. Morgan Bldg. in the City of Buffalo, New York, a copy of a summons, complaint, affidavits and order for publication, copies of

which are hereto annexed, contained in a securely and duly prepaid wrapper directed to the defendant," etc.

Section 440 of the Code of Civil Procedure provides that the order of publication "must also contain * * * a direction that, on or before the day of the first publication, the plaintiff deposit in a post-office, branch post-office or post-office station, one or more sets of copies of the summons, complaint and order, each contained in a securely closed post-paid wrapper, directed to the defendant," etc.

In *Korn* v. *Lipman,* 201 N. Y. 404, it was held that the mailing of a summons, complaint and order in a post-office box regularly maintained by the government of the United States and under the care of its post-office authorities at the borough of Manhattan, city of New York, which post-office box was a mail chute which extended from one of the upper stories of the Home Life Insurance Building at No. 257 Broadway, in the borough of Manhattan, city of New York, to a United States post-office box located on the ground-floor corridor of said building, was not a mailing of the summons, complaint and order in the post-office. To the same effect is the holding in *Gay* v. *Ulrichs,* 136 App. Div. 809, and *Von Der Heyde* v. *Ditmars,* 174 id. 390.

It is urged by the defendant that the provisions of the statute authorizing the order of publication to direct a mailing at "a post-office, branch post-office or post-office station " permits of a mailing at the receiving post-office letter box maintained by the government in the D. S. Morgan Building; that such letter-receiving box is a post-office station. Such statute undoubtedly does authorize such mailing at any of the several post-office substations maintained in the city of Buffalo, but to say that a letter box in the D. S. Morgan Building is a post-office station overlooks the

patent fact that the legislature, by sections 797 and 802 of the Code of Civil Procedure, have specifically provided that the privilege of serving some kinds of papers by mailing the same in the post-office or in any post-office box regularly maintained by the government of the United States and under the care of its post-office shall not apply to the service of a summons or other process. In *Schwartz* v. *Schwartz,* 113 Misc. Rep. 444, the summons was mailed in a mail box at 280 Broadway; the learned justice saying: " Judicial notice cannot be taken that this mail box was one authorized or maintained under the provisions of the postal laws. The case may be re-opened and the necessary proof, if it exists, supplied." The necessary proofs referred to must have been proof that the mail box at 280 Broadway was a post-office, branch post-office or post-office station, for it is only at such places that a summons, etc., can be mailed under section 440 of the Code of Civil Procedure. The mere fact that the box was a mail box authorized or maintained under the provisions of the postal laws does not make it a post-office, branch post-office or post-office station.

It may be that the meaningless statement in the alleged proof of mailing, viz., " contained in a securely and duly prepaid wrapper " should be treated as an irregularity and an opportunity be given to prove that the summons, etc., was contained in a securely closed post-paid wrapper; but it is clearly apparent that the failure to prove that the papers were mailed at a post-office, branch post-office or post-office station is jurisdictional and not a mere irregularity.

The defendant's motion to vacate and set aside the judgment must be granted. The proved fact that the defendant is indebted unto the plaintiff in a substantial sum not being denied, defendant not appearing in the action, having no property within the state,

not doing business within the state, having delayed making this motion for nearly one year, plaintiff's only remedy for relief in the event of an order for restitution being to institute proceedings in California, such order will not be made.

Ordered accordingly.