FRED TATE, Plaintiff, *v.* JOHN LAPEN, Defendant.

Second Department, June 12, 1925.

**Vendor and purchaser — marketable title — objection that foreclosure of mortgage in chain of title not valid — affidavits for order of publication show due diligence — then owner went into bankruptcy and his trustee was made party to action — mailing copy of summons and complaint at Wall Street Station of New York Post Office was proper.**

An objection by the defendant that the title to premises purchased is unmarketable on the ground that a foreclosure proceeding in the chain of title was invalid in that the service of the summons and complaint by publication was not justified, since due diligence was not shown, is without merit, *for* it appears by the affidavit on which publication was ordered, that the then owner of the property had disappeared and that inquiries made of his office associate and his children elicited the information that they did not know of his whereabouts.

Furthermore, it is doubtful whether the then owner was a necessary party, since it appears that he had been adjudged a bankrupt, and that his trustee in bankruptcy was made a party defendant to the foreclosure action.

The further objection, that mailing a copy of a summons and complaint at the Wall Street Station of the New York Post Office was not a sufficient compliance with the order which directed that the mailing should be made at the post office at New York city, is without merit.

Accordingly, the title tendered is good and marketable, since the objections thereto are without merit.

SUBMISSION of a controversy upon an agreed statement of facts pursuant to section 546 of the Civil Practice Act.

*James Crooke McLeer*, for the plaintiff.

No brief filed for the defendant.

RICH, J.:

The parties on July 14, 1924, entered into a contract for the sale of premises known as No. 2349 Alden avenue in the borough of Queens. Plaintiff's title to the premises in question is derived by mesne conveyances from the purchaser in a foreclosure action affecting a parcel of land of some six acres, of which the plaintiff's property was a part. Defendant at the closing of title rejected the plaintiff's title on the following grounds:

" *First.* Insufficiency of the affidavit upon which order of publication was granted in that it did not show due diligence as required by statute.*

" *Second.* Noncompliance with the terms of said order of publication in respect to the manner of mailing summons and complaint and order in that the proofs disclose the mailing was done at the Wall Street Station of the New York Post Office in New York City, whereas, the order itself provided that the mailing should be made at the Post Office at New York City."

The defendant has favored us with no brief, but it appears from the affidavit upon which the order of publication was granted and substituted service was made that Lewis, the owner of the equity of redemption, had been a practicing attorney in York, Penn.; that he had left that city during the month of July, 1917, owing a large sum of money and that it was impossible to find him, both his former office associate and his children stating that they had no information as to his whereabouts. Under the circumstances, I am of the opinion that the court was justified in concluding that the plaintiff would be unable with due diligence to make personal service of the summons. In any event, it is doubtful whether Lewis was a necessary party, in that he had been adjudged a bankrupt on September 6, 1917, and the trustee in bankruptcy was made a party defendant. (*Landon* v. *Townshend*, 112 N. Y. 93, 99.)

In reference to the second objection, I am of the opinion that

* See *Code Civ. Proc.* § 439; now *Civ. Prac. Act,* § 232.—[REP.

the mailing of the summons and complaint and order at the Wall Street Station of the New York post office was a sufficient compliance with the order. (Code Civ. Proc. §§ 440, 801; now Rules Civ. Prac. rule 50; Civ. Prac. Act, § 164; *Korn* v. *Lipman*, 201 N. Y. 404, 407; *Von der Heyde* v. *Ditmars*, 174 App. Div. 390.) It follows that the question submitted — Did the plaintiff tender a good and marketable title? — must be answered in the affirmative, and judgment directed for the plaintiff against the defendant, directing him to specifically perform the contract of sale, with costs.

KELLY, P. J., JAYCOX, MANNING and YOUNG, JJ., concur.

Judgment for plaintiff upon agreed statement of facts, with costs.