SCHULTE REAL ESTATE Co., INC., Plaintiff, *v.* HARRY C. PIRKIG, Defendant.

Supreme Court, Special Term, New York County, March 7, 1948.

*Adolph S. Ziegler* for defendant

*Bernard I. Strauss* for plaintiff.

MILLER, J. At the time the order for substituted service was made in 1933, section 231 of the Civil Practice Act provided that an order for substituted service "must direct" the mailing of the summons "by depositing in a postoffice * * * addressed to the defendant * * * at his place of residence". The order sought to be vacated improperly authorized deposit of the summons in a "U. S. POST OFFICE box", and the affidavit of service states that the copy of the summons was deposited in such a box. Deposit in a post-office box is not equivalent to deposit in a post office (*Korn* v. *Lipman*, 201 N. Y. 404, 407, 408). It is to be noted that in the case of service by *publication* rule 50 of the Rules of Civil Practice provided in 1933, that deposit could be made in a post office *or* in a post-office box, but no similar provision was made in the case of *substituted* service and, as previously pointed out, section 231 expressly limited deposit to a post office without including a

post-office box. Furthermore, although section 231 required that the summons be addressed to the defendant at his place of residence the summons in the instant case was mailed to him addressed to '' 38 Ashland Avenue, Baldwin, L. I., City of N. Y., State of New York ''. Since Baldwin is not in the city of New York it is quite possible that this error in the address was sufficient to prevent defendant from receiving the mailed copy. The motion to vacate the order for substituted service and the judgment entered thereon as well as the order for the examination of the defendant in supplementary proceedings is accordingly granted.