DAVID MANDEL, Plaintiff, *v.* DAVID BRODSKY, Defendant.

City Court of the City of New York, Special Term, New York County, May 31, 1950.

*Aaron I. Schwartz* for plaintiff.

*Pincus Cashman* for defendant.

CARLIN, J.  By motion on October 31, 1949, defendant moved to vacate the judgment herein entered against him on September 11, 1936, after service of the summons by substituted service pursuant to an order providing therefor on June 22, 1936. The basis of the motion was that he was not a resident of the State of New York when the substituted service of the summons was made.  On November 9, 1949, the court held in abeyance the disposition of said motion pending the hearing and report, with his opinion, of the Official Referee to whom was referred three issues of fact.  The report of the Official Referee was filed herein on April 19, 1950, and the usual motion to confirm the report is now before the court.  The Official Referee with his customary thoroughness painstakingly went into the issues referred to him and reports that at the time the substituted service of the summons was effected the defendant was a resident of the city of New York and, further, that due and diligent attempts were made to effect personal service of the summons before the order for substituted service was procured. On the argument of this motion the attorney for defendant does not seriously dispute the findings of the Official Referee in regard to the foregoing issues in which he found adversely to defendant; he, however, contends that the substituted service of the summons under the order allowing it was improper in that the order provided for the deposit of a copy of the summons in a United States mail box rather than in a general or branch post office, and cites the case of *Schulte Real Estate Co.* v. *Pirkig* (191 Misc. 926) as the authority for holding that the service via a mail box was not in conformity with section 231 of the Civil Practice Act.  Plaintiff's attorney argues that section 231 should be read in the light of the provisions of section 164 of the Civil Practice Act; the court by independent research has found an authority to the contrary (*Donofrio* v. *Volimar,* N. Y. L. J., Aug. 19, 1933, p. 582, col. 5) ; section 231 specifically provides for the deposit in a post office of a copy of the summons under the order; section 164 provides that " deposit in a branch post-office or in a mail box regularly maintained by the government * * * is equivalent to deposit in a general post-office."

This section under the article caption " Service of Papers " is preceded by section 163 which holds that the provision therein for service of papers on an attorney *" Does not apply to the service of a summons * * * or to a case where the mode of service is specially prescribed by law "* (italics supplied) as in section 231 governing the service of a summons by substituted service. " There is no authority in the case of substituted service for making a deposit in a post-office box " (*Donofrio* v. *Volimar, supra*) ; to the same effect is the case of *Schulte Real Estate Co.* v. *Pirkig* (*supra*) which in 1948 vacated a judgment predicated on substituted service of the summons in 1933, which was made by depositing a copy thereof in a post-office box. Plaintiff contends that the *Schulte* case is inapplicable as section 231 of the Civil Practice Act was amended in 1935. A reading of the section shows that the amendments to said section by chapter 623 of the Laws of 1935 and a subsequent amendment by chapter 363 of the Laws of 1943, left unaffected the provision that a copy of the summons be deposited in a post office; therefore, the law as defined in the *Donofrio* and *Schulte Real Estate* cases (*supra*) is applicable to the " abortive service " of the summons by its deposit in a post-office box in 1936 as in the instant case. In Carmody on New York Practice (Vol. 2, § 674, p. 1214) it appears by citation of authority that the term " post office " may include a branch post office but not a post-office box citing *Korn* v. *Lipman* (201 N. Y. 404) which appears to be the leading case determining the question of service of process under statutory authority where personal service cannot be made; at page 406 it is significantly held that a statute must be strictly construed when it authorizes the service of the summons in derogation of the general rule that such service must be made personally. (*Erickson* v. *Macy*, 231 N. Y. 86, 91; *Howard Converters* v. *French Art Mills*, 273 N. Y. 238, 247.) As hereinbefore stated the order herein specifically provided for substituted service by deposit of a copy of the summons in a post-office box; in the court's opinion the order containing such a provision was in contravention of section 231 of the Civil Practice Act, providing for deposit in a post office and, therefore, any judgment predicated on such service is jurisdictionally unwarranted. " The statute must be strictly followed and the courts have no power to import something in the statute not intended by the Legislature ". (*Howard Converters* v. *French Art Mills, supra,* p. 247.) Under the foregoing authorities the court has no alternative but to hold that the substituted service

of the summons herein was a nullity, and, therefore, the judgment based thereon must be vacated; the court reluctantly so holds as the cause of action on which the judgment was based is undoubtedly affected by the Statute of Limitations. The fault does not lie with the present attorney of the plaintiff who neither procured the order for substituted service nor caused the summons thereunder to be improperly deposited in a post-office box. The motion to confirm the report of the Official Referee is granted in all respects except as to that part which holds that " the summons was duly served as required by the order for substituted service " on which the motion is denied, although it is true, as the learned Referee held, that deposit was made " as required by the order "; unfortunately, the court has no sanction for the inclusion of such provision in its order. It appears to this court that there is no practical reason for not validating substituted service of a summons in the event a copy is deposited in a post-office box, but that is a matter for legislative enactment, not for judicial pronouncement. Motion by defendant to vacate the judgment herein is granted on the ground that the court lacked jurisdiction to enter it; it follows that all subpœnas in supplementary proceedings herein must be and are hereby vacated. (*Schulte Real Estate Co.* v. *Pirkig,* 191 Misc. 926, *supra.*)

Settle order on notice.