DANIEL MANDEL, Respondent, *v.* DAVID BRODSKY, Appellant.

Appeal, by permission of the Appellate Division of the Supreme Court in the first judicial department, from a determination of the Appellate Term of the Supreme Court in the same judicial department, entered June 29, 1951, which (1) reversed an order of the City Court of the City of New York, New York County, granting a motion by defendant to vacate the service of the summons and the judgment entered in favor of plaintiff December 11, 1936, and (2) reinstated such judgment.

Determination affirmed, with costs to the respondent.

CALLAHAN, J. P. (dissenting). I dissent and vote to reverse for the reasons stated in the opinion of CARLIN, J., at Special Term of the City Court (199 Misc. 8). The Appellate Term relied on section 164 of the Civil Practice Act as it existed prior to amendment by chapter 554 of the Laws of 1951. This enactment also added the new section 163-a. The situation in this case, however, is not affected in any way. The new section 163-a (as did former § 164) deals with the *service* of papers and authorizes mailing in a letter box or other specified depository with the same effect as if deposited in the postoffice. Section 163-a includes a summons, but former section 164 did not.

It is obvious, of course, that *service* by mail must be preceded by an *order* for substituted service. The provisions of such order are governed by section 231 of the Civil Practice Act, which requires that " The order must direct that the service of the summons be made  *  *  *  by depositing in a *postoffice* ". (Emphasis supplied.)

In this case, however, the original order for substituted service provided for deposit of a copy of the summons in a *postoffice box*. There has been no amendment of section 231 in respect to the manner of making substituted service, and this is the controlling statute as to the contents of the order. Accordingly, the original order in this case was a nullity and insufficient to confer jurisdiction. The defect was one that could not be cured by subsequent act of the Legislature.

In my opinion, the effect of the new section 163-a is to cure an improper compliance with a proper order. Its purpose, insofar as relevant to the circumstances of this case, is to validate the mailing of a summons in a postoffice box, where the order authorizing substituted service directs that the process be deposited in a postoffice as prescribed by section 231. Section 163-a does not have the effect of curing a jurisdictionally void order.

Breitel, Bastow, Botein and Bergan, JJ., concur in decision; Callahan, J. P., dissents and votes to reverse, in opinion.

Determination affirmed, with costs to the respondent. No opinion. [200 Misc. 344, revg. 199 Misc. 8.]

In the Matter of THOMAS F. REILLY et al., Individually and on Behalf of Others Similarly Situated, Appellants, against BOARD OF HIGHER EDUCATION OF THE CITY OF NEW YORK et al., Respondents.— Order unanimously affirmed, with $20 costs and disbursements to the respondents. No opinion. Present — Callahan, J. P., Breitel, Bastow, Botein and Bergan, JJ. [See 283 App. Div. 655.]