MARY A. COHNFELD, Respondent, *v.* ANAIS C. BLISS, Appellant, Impleaded with THE NEW YORK SAVINGS BANK IN THE CITY OF NEW YORK, Defendant.

First Department, November 3, 1916.

**Process — service of summons without State — service by United States deputy marshal set aside — statutes construed.**

A service of summons on a resident of the District of Columbia, made by a deputy United States marshal for that district under an order of the court of this State for service by publication, will be set aside where at the time the service was made our statutes required such service to be made either by a resident of this State, or by certain specified officers of the foreign jurisdiction, or by an officer authorized by the laws of this State to take acknowledgments of deeds to be recorded in this State, it being conceded that the deputy marshal did not come within any of these categories.

Where the mode of service of process outside the State is prescribed by statute it must be strictly followed.

The present statute, as amended, allows such service to be made without the State by a United States marshal.

APPEAL by the defendant, Anais C. Bliss, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 29th day of July, 1916, denying his motion to set aside the service of the summons upon him.

*W. K. Post* [*Henry W. Hayden* with him on the brief], for the appellant.

*Alexander Holtzoff* [*J. Philip Berg* with him on the brief], for the respondent.

DOWLING, J.:

The defendant Anais C. Bliss is a resident of Washington, in the District of Columbia. On May 31, 1916, an order of publication of the summons was made and personal service was thereafter made on said defendant in Washington, D. C., on June 3, 1916, of the summons, complaint, affidavits, order and notice herein. The service was made by E. C. Temple, a duly authorized deputy United States marshal for the District of Columbia, and the motion to set aside such service is upon the ground that the person effecting same was not one of the officers or persons designated in section 443 of the Code of Civil Procedure as it existed at the time of the making of the said service.

By subdivision 5 of section 443 of the Code of Civil Procedure (as it existed on June 3, 1916, when the summons was served personally without the State) " the affidavit of service must show that the person making it is a resident of the State of New York, or a sheriff, under sheriff, deputy sheriff or constable of the county or other political subdivision in which the service is made, or an officer authorized by the laws of this State to take acknowledgments of deeds to be recorded in this State." (See Laws of 1914, chap. 346.) Concededly Temple did not come within any of these categories, but it is claimed that, because he was fulfilling the duties of a sheriff in the District of Columbia, therefore he had power to make the service. We do not agree with this contention. Where the mode of service of process outside the State is prescribed by statute it must be strictly followed. Any other method, though

it may seem just as good, will not answer. (*Winslow* v. *Staten Island R. T. R. R. Co.*, 51 Hun, 298; *Eisenhofer* v. *New Yorker Zeitung Pub. Co.*, 91 App. Div. 94; *Kramer* v. *Buffalo Union Furnace Co.*, 132 id. 415; *Korn* v. *Lipman*, 201 N. Y. 404.) Nor is it accurate to say that if the deputy marshal could not serve the summons, service could not be made at all under the statute in the District of Columbia; for any resident of the State of New York could have served it there or any officer authorized by the laws of this State to take acknowledgments of deeds to be recorded therein.

It should be noted that by chapter 439 of the Laws of 1916, subdivision 5 of section 443 of the Code of Civil Procedure was amended so that service may now be made without the State by a United States marshal; but this amendment did not take effect until September 1, 1916, after the service in question had been made.

The order appealed from will, therefore, be reversed, with ten dollars costs and disbursements, and the motion to set aside the service of the summons and complaint granted, with ten dollars costs.

CLARKE, P. J., McLAUGHLIN, SCOTT and SMITH, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.