GEORGE F. McCOY, Respondent, *v.* ERIE FORGE AND STEEL COMPANY, Defendant, Impleaded with ERIE FORGE COMPANY, Appellant.

First Department, June 2, 1922.

Corporations — foreign corporations — motion to vacate attachment and service of summons and complaint — error to direct that in lieu of publication service may be made without State on such officers as are specified in Civil Practice Act, § 229 — error disregarded under Civil Practice Act, § 105 — court not required to direct manner of service on foreign corporation without State — service in manner provided for service on domestic corporation within State is valid — service on director or managing agent without State is proper.

In an action against a foreign corporation in which an attachment was granted, an order for the service of the summons by publication which directs that in lieu of publication service may be made " without the State upon such officers of said defendant, Erie Forge and Steel Company, as are specified in section 229 of the Civil Practice Act " is improper, since that section refers to the service on a foreign corporation within this State; but the inadvertent reference to said section is an error which, by virtue of section 105 of the Civil Practice Act, may be disregarded.

There is no provision in the Civil Practice Act which requires the court to direct the manner of service of a summons on a foreign corporation without the State, and it seems that there is no statute or rule which specially prescribes the mode of service.

*It seems*, that service of a summons upon a foreign corporation made pursuant to the requirements specified in section 228 of the Civil Practice Act in the case of service on a domestic corporation within this State is a valid service.

The service of a summons on a foreign corporation without the State made by serving the summons personally upon a director, assistant to the president, and managing agent, is a valid service.

LAUGHLIN, J., dissents, with opinion.

APPEAL by the defendant, Erie Forge Company, from an order of the Supreme Court, made at the New York Special Term and

entered in the office of the clerk of the county of New York on the 2d day of March, 1922, denying the motion of said defendant, appearing specially, to vacate the service of a summons and complaint upon it made outside the State of New York and to vacate a warrant of attachment issued against its property.

*G. H. Brevillier,* for the appellant.

*George H. D. Foster,* for the respondent.

Greenbaum, J.:

The defendant, Erie Forge Company, a foreign corporation appearing specially, moved to vacate an attachment granted on November 5, 1921, and to vacate the service upon it of the summons and complaint, for the reason that no valid service was made within thirty days after the attachment was granted, as required by section 905 of the Civil Practice Act.

The service of the summons and complaint was made without the State of New York, on December 3, 1921, by delivering the papers to Robert F. Devine, Jr., its " director, assistant to the president and the managing agent."

No attack is made on the attachment papers or on the order allowing service by publication without the State. The order for publication of the summons provided that in lieu of publication, service could be made " without the State upon such officers of said defendant, Erie Forge Company, as are specified in section 229 of the Civil Practice Act."

The provision in the order of publication that service may be made upon such officers of defendant as are specified in section 229 of the Civil Practice Act was unwarranted and palpably a mistake, since that section refers to the service of a foreign corporation within this State. Moreover, there appears to be no provision in the Civil Practice Act and there was none in the Code of Civil Procedure, or in the rules, which required the court to direct the manner of service of a foreign corporation without the State and there appears to be no statute or rule which specially prescribes the mode of service of a foreign corporation without the State. It is also to be noted that under section 228 of the Civil Practice Act a domestic corporation may be served in this State by delivery of the summons to its " president or other head of the corporation, the secretary or clerk to the corporation, the cashier, the treasurer or a director or managing agent," whereas under section 229, service of a foreign corporation within this State may be made upon its " president, vice-president, treasurer, assistant treasurer, secretary or assistant secretary," thus making no mention of service upon a " director or managing agent." Section 233 of the Civil Practice

Act provides: " In all cases when publication of the summons is ordered, service of the copy of the summons and complaint and of any accompanying notice required by rules by the delivery thereof to the defendant personally without the State is equivalent to notice by publication and deposit in the post-office."

It may thus be fairly inferred that a service made pursuant to the requirements specified in section 228 in the case of a domestic corporation within this State would be a good service of a foreign corporation without the State. The inadvertent reference to section 229 in the order was clearly an error which under the salutary provisions of section 105 of the Civil Practice Act may be disregarded.

In the instant case service was made upon one who was both a director and managing agent of the Erie Forge Company, and since a service upon either a director or managing agent of a domestic corporation in this State would be good, it seems to follow that we must uphold the service as properly made.

The order appealed from should be affirmed, with ten dollars costs and disbursements.

Dowling, Smith and Merrell, JJ., concur; Laughlin, dissents.

Laughlin, J. (dissenting):

I am of opinion that service on a foreign corporation without the State must be made in the manner prescribed by section 229 of the Civil Practice Act for service upon such a corporation within the State. The Legislature has expressly prescribed only the method for service within the State, and since there is a material difference between the manner in which domestic and foreign corporations may be served within the State (Civ. Prac. Act, §§ 228, 229), I know of no principle upon which it may be said that service upon a foreign corporation without the State may be made, not as required for service upon a foreign corporation within the State, but for service upon a domestic corporation. That the practice is to serve a foreign corporation without the State in the manner required for service upon such a corporation within the State is indicated by the fact that the order expressly requires that the service be made upon the defendant without the State in the manner prescribed in said section 229; and it was not shown that it was so made. That service, when made without the State, is to be made in the same manner as if made within the State is indicated by the provisions of section 235 of the Civil Practice Act, which relate to service of the summons in certain specified actions without the State and without an order of the court, and provides that such service shall be made in the same

manner as if it were made within the State, with the exception that a copy of the complaint shall be annexed to and served with the summons. Section 232 of the Civil Practice Act authorizes an order for the service of the summons by publication, and section 233 thereof provides that in all cases where service by publication is ordered, service may be made by delivery of a copy of the summons and complaint and of any accompanying notice required by the rules, to the defendant personally without the State; but that section does not prescribe what shall be deemed delivery to the defendant personally, and to ascertain that, I think recourse may be had to the preceding sections of the Civil Practice Act, relating to what is deemed personal service upon individuals and domestic and foreign corporations within the State and also to the provisions of section 235; and on a consideration thereof, I think it is intended that service, when made without the State, shall be made in the same manner as it would be required to be made on the particular defendant within the State.

I, therefore, dissent and vote for a reversal of the order and for granting the motion to vacate the warrant of attachment.

Order affirmed, with ten dollars costs and disbursements.