Prepared by State Reporter from Appeal Papers

In the Matter of the Application of EDITH H. CHASE, Appellant, against FREDERICK C. MASON et al., as Trustees of Union Free School District No. 1, Town of Massena et al., Respondents.

*Schools — teachers — mandamus to compel trustees of union free school to re-employ a teacher denied.*

*Matter of Chase* v. *Mason*, 216 App. Div. 562, affirmed.

(Argued December 1, 1926; decided December 31, 1926.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered May 28, 1926, which reversed an order of Special Term granting a motion for a peremptory order of mandamus to compel the trustees of a school district in the town of Massena to re-employ the petitioner to teach in the public schools in that district and denied the motion. It was contended under section 888 of the Education Law that the trustees were bound to re-employ a teacher whose past services had never been declared unsatisfactory.

*Giles A. Chase* for appellant.

*Andrew J. Hanmer* for respondents.

*Ernest E. Cole,* for Commissioner of Education, respondent.

Order affirmed; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGH-LIN, CRANE, ANDREWS and LEHMAN, JJ.

———————

OTTO SEEBERGER, Respondent, *v.* PUTNAM & Co., INC., et al., Appellants.

*Negligence — electricity — action for injury received from coming in contact with rail charged with electricity while installing piping in building.*

*Seeberger* v. *Putnam & Co., Inc.,* 216 App. Div. 843, affirmed.

(Argued December 1, 1926; decided December 31, 1926.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered May 11, 1926, unanimously affirming

a judgment in favor of plaintiff entered upon a verdict in an action to recover for personal injuries alleged to have been sustained by plaintiff through the negligence of defendant. Plaintiff, while installing a sprinkler system in the plant of defendant Rubin & Co., came in contact with a rail charged with electricity, from which power was derived to operate a crane which was being installed by defendant Putnam & Co., Inc., causing the injury complained of. Negligence was predicated on failure to warn plaintiff that the current had been or was about to be turned on.

*George J. Stacy* and *James J. Mahoney* for Putnam & Co., appellant.

*Clarence S. Zipp* and *E. C. Sherwood* for appellant.
*John C. Robinson, Morris A. Wainger* and *Albert A. Sarafan* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, MCLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

---

MEYER GOODFRIEND et al., Copartners under the Firm Name of GOODFRIEND BROS., Appellants, *v.* AMERICAN CREDIT INDEMNITY COMPANY OF NEW YORK, Respondent.

*Insurance (credit) — contract — action to recover upon policy of credit insurance — claim for amount paid to redeem merchandise from insolvent purchaser.*

*Goodfriend* v. *American Credit Indemnity Co.*, 217 App. Div. 635, affirmed.

(Argued December 1, 1926; decided December 31, 1926.)

APPEAL from a judgment, entered July 13, 1926, upon an order of the Appellate Division of the Supreme Court in the first judicial department, reversing a judgment in favor of plaintiff entered upon a decision of the court at a Trial Term without a jury, and directing a dismissal of the complaint. The action was to recover upon a