HOWARD CONVERTERS, INC., Appellant, *v.* FRENCH ART MILLS, INC., Respondent.

Argued January 5, 1937; decided March 9, 1937.

*Milton H. Spiero* for appellant. The service made was valid. (*Dollar Co.* v. *Canadian C. & F. Co.*, 220 N. Y. 270; *Dimmerling* v. *Andrews*, 236 N. Y. 43; *Thropp* v. *Erb*, 255 N. Y. 75; *McCarthy* v. *Culkin*, 254 N. Y. 328; *Garfein* v. *McInnis*, 248 N. Y. 261; *Pennoyer* v. *Neff*, 95 U. S. 714; *Gilbert* v. *Burnstine*, 255 N. Y. 348; *Penn. Fire Ins. Co.* v. *Gold Issue Min. & Mill. Co.*, 243 U. S. 93; *Miller* v. *Lautenburg*, 239 N. Y. 132; *Shuba* v. *Greendonner*, 271 N. Y. 189; *Bagdon* v. *Philadelphia & Reading C. & I. Co.*, 217 N. Y. 432; *McCoy* v. *Erie Forge & Steel Co.*, 118 Misc. Rep. 851; 201 App. Div. 570; 234 N. Y. 545; *McCoy* v. *Erie Forge & Steel Co.*, 210 App. Div. 570; *Martin* v. *Atlas Estates*, 72 N. J. Eq. 416.)

*Emanuel Wexler* and *Irving Gordon*, appearing specially, for respondent. The service, not having been made on a person designated by statute, is invalid. (*Korn* v. *Lipman*, 201 N. Y. 404; *McCoy* v. *Erie Forge & Steel Co.*, 201 App. Div. 570; 234 N. Y. 545; *Valz* v. *Sheepshead Bay Bungalow Corp.*, 249 N. Y. 122; *Fair* v. *Kenny*, 103 Misc. Rep. 412; *Cohnfeld* v. *Bliss*, 174 App. Div. 434; 220 N. Y. 681; *Kieley* v. *Manufacturing Co.*, 147 N. Y. 620; *Bagdon* v. *Philadelphia & Reading C. & I. Co.*, 217 N. Y. 432.)

CRANE, Ch. J. The plaintiff is a New York corporation. The defendant is a foreign corporation, a New Jersey corporation. The defendant is not licensed by New York to do business here.

On February 26, 1936, the plaintiff, claiming that the defendant had breached its contract theretofore made, obtained a warrant of attachment and levied on the defendant's property here. On March 18, 1936, twenty-one days after warrant of attachment was granted, one Filbert L. Rosenstein, the designated agent of the defendant, was personally served without the State with the summons and complaint, without an order, pursuant to section 235 of the Civil Practice Act. Rosen-

stein was served at the registered principal office of the defendant at its domicile, Paterson, New Jersey. He was and is the duly appointed, selected and registered agent of the defendant, authorized by the defendant in its charter (certificate of incorporation) and by the laws of the State of New Jersey to receive service of all process. The Corporations Act of the State of New Jersey, Compiled Statutes (47), section 28d (1) provides:

" Every corporation heretofore or hereafter organized under the laws of this State, and every foreign corporation authorized to transact business in this State, shall maintain a principal office within the State of New Jersey, and an agent in charge of said principal office upon whom process against the corporation may be served." (L. 1916, ch. 243, p. 507.)

Pursuant, therefore, to this act of New Jersey, the French Art Mills, Inc., had designated Filbert L. Rosenstein as the person to be served with a process in litigation against it. Service, therefore, of process, at least within New Jersey, was as good when made personally upon Rosenstein as upon any officer of the company.

The question before us is: " Was it good service, in order to preserve a warrant of attachment in this State, to serve Rosenstein personally without the State, pursuant to section 235 of the Civil Practice Act?" We must of course distinguish between the cases, where jurisdiction is sought to be obtained over a foreign corporation, and where jurisdiction is sought to be obtained over property attached and being within the State of New York. No jurisdiction over the person of the corporation can be obtained by serving an officer of a foreign corporation without the State. Jurisdiction, however, may be obtained over the *res* within the State, attached or sequestered, provided our practice gives the foreign corporation sufficient notice by service out of the State or other process so that it may defend its title to that property. (*Matthews* v. *Matthews*, 240 N. Y. 28, and *Geary* v. *Geary*, 272 N. Y. 390.)

We, therefore, turn to our statutes. Section 235 provides: " Where the complaint demands judgment that the defendant be excluded from a vested or contingent interest in or lien upon a specific real or personal property within the state or that such an interest or lien in favor of either party be enforced, regulated, defined or limited, or otherwise affecting the title to such property  *  *  * or where it appears by affidavit filed in the action or as part of the judgment roll in such action that a warrant of attachment, granted in the action, has been levied upon property of the defendant within the state, the summons may be served without an order, upon a defendant without the state in the same manner as if such service were made within the state,  *  *  *." The language of this section is the same, with additions, as contained in section 443, subdivision 3, of the Code of Civil Procedure.

The decision of this case turns upon the words " as if such service were made within the state." Does this mean service upon a domestic corporation within the State, or a foreign corporation within the State? The defendant to be served is a foreign corporation. It is a person without the State who is to be served. The section is not dealing with persons within the State or with domestic corporations. The proper and full reading of the section would be: " The summons may be served without an order upon the defendant (foreign corporation) without the State in the same manner as if such service were made upon the defendant (foreign corporation) within the state." In fact I do not see how it could refer to anything else, nor do I see any reason for restricting it to domestic corporations within the State. Such interpretation is contrary to the very intention as well as language of the statute.

How, then, is a foreign corporation served within the State? Section 229 tells us how:

" § 229.  Personal service of summons upon foreign corporation.  Personal service of summons upon a

foreign corporation must be made by delivering a copy thereof, within the state, as follows:

"1. To the president, vice-president, treasurer, assistant treasurer, secretary or assistant secretary; or, if the corporation lack either of those officers, to the officer performing corresponding functions under another name.

"2. To a person or public officer designated for the purpose pursuant to law by certificate filed in the department of state, the department of banks or department of insurance, whose designation is in force, or if a designee, other than a public officer, has died, resigned or removed from the state, to the secretary of state as provided by the general corporation law.

"3. To the cashier, a director or a managing agent of the corporation, within the state, if service cannot be effected under subdivision two of this section, or an officer of the corporation specified in subdivision one of this section, with due diligence, cannot be found within the state."

Service made upon a person designated for the purpose, pursuant to law, by certificate filed in the Department of State, would be good service of a foreign corporation *within* this State. Such a person occupying such a position *without* the State may be thus served to accomplish the purposes of section 235 of the Civil Practice Act. Rosenstein was the person designated by the foreign corporation to receive service of papers, and the certificate stating that he was so selected as such agent was filed with the secretary of state in New Jersey, pursuant to the laws of that State. Neither the officers nor this agent were in the State of New York nor were they expected to be. Section 235 refers to officers and agents without the State, persons and corporations over whom the State of New York can obtain no jurisdiction. Our law says that in attachment cases where we have seized the property, the summons and complaint may be served upon the officers of foreign corporations or their agents

without the State, that is, served in the State of New·
Jersey upon such an officer or agent who would corre-
spond to the officer or agent to be served within New
York State. A president in New Jersey could be served
there because *a* president (not *the* president) could be
served here. An agent designated in New Jersey could
be served there because such an agent (not the agent)
could be served here if designated in the same way here.

Can there be any doubt — in fact the respondent
suggests none — that if the president of a corporation
had been served in Paterson, New Jersey, instead of the
certified agent, the service would have been good, pur-
suant to section 235, for the purposes of this attachment?
The same concession must be made as to the vice-president
and treasurer, assistant treasurer, secretary or assistant
secretary. These officers are not in the State of New
York, but they are properly served without the State,
pursuant to section 229. They are not officers of the
corporation by reason of any laws of the State of New
York, or by reason of any designation within the State
of New York. They are officers solely under the Laws
of the State of New Jersey. The same thing applies to
the person designated for the purpose of receiving service
by certificate filed in the New Jersey Department of
State. He is such an agent by reason of the laws of the
State of New Jersey just as the president and treasurer
are agents for accepting service. (*Bagdon* v. *Philadelphia
& Reading C. & I. Co.*, 217 N. Y. 432, 438.)

Our law says, section 229 of the Civil Practice Act, that
such a president, treasurer or certified agent (certificate
filed in New York) may be served *within the State* to
obtain jurisdiction over the foreign corporation. Section
235 of the Civil Practice Act says such a person, namely,
president, treasurer or certified agent (certificate filed in
New Jersey) may be served *without the State* to preserve
and enforce an attachment within this State. *McCoy*
v. *Erie Forge & Steel Co.* (201 App. Div. 570; affd., 234

N. Y. 545) is not applicable, as section 233 of the Civil Practice Act was the governing provision in that case and did not prescribe the manner of service which was to be made thereunder.

It has been suggested that the certificate of designation required by subdivision 2 of section 229 and section 235 has reference to a certificate filed with the New York Secretary of State. If this were so, section 235 was entirely unnecessary, because it would then always be possible to obtain jurisdiction over the corporation, attachment or no attachment.

We construe the sections of our Civil Practice Act as giving force and effect to this service upon Rosenstein for the purpose of giving jurisdiction to the courts of this State over the property attached. We are construing section 235 in conjunction with section 229 of the Civil Practice Act. Therefore, cases like *Gilbert* v. *Burnstine* (255 N. Y. 348) and *Pennsylvania Fire Ins. Co.* v. *Gold Issue Mining & Milling Co.* (243 U. S. 93, at p. 95) are not strictly in point. Surely under these statutes service which would be good in New Jersey for a judgment *in personam* (*Martin* v. *Atlas Estate Co.*, 72 N. J. Eq. 416), should be held good for the notice necessary under our Constitution to be given the defendant in attachment proceedings. (See *Geary* v. *Geary, supra.*)

The orders below should be reversed and the motion denied, with costs in this court and in the Appellate Division. The question certified is answered " Yes."

Rippey, J. (dissenting). This action is brought to recover damages for breach of contract. Plaintiff is a domestic corporation. Defendant is incorporated under the laws of the State of New Jersey. It is engaged in the business of the manufacture of silk and rayon fabrics at 53 Ann street, Clifton, N. J., where it has its office. It has no other office or place of business. It does no business within the State of New York and has made no designation with the Secretary of State of New York of a

person upon whom process may be served in this State. On February 26, 1936, a warrant of attachment was granted and levied on defendant's property located at 1441 Broadway, New York city. On March 18, 1936, plaintiff's attorney personally served a copy of the summons and complaint on Filbert L. Rosenstein at room 14, First National Bank Building, Paterson, N. J. Service was set aside by the Special Term on the ground that service on Rosenstein did not constitute good personal service outside the State on the foreign corporation under the laws of the State of New York. The order of the Special Term was unanimously affirmed, without opinion, by the Appellate Division, but an appeal to this court was allowed and the following question was certified: " Was valid service of the summons and complaint herein made upon the respondent?"

In an attachment suit, service of the summons *without the State* may be made either by publication (Civ. Prac. Act, § 232), or personally (Civ. Prac. Act, § 229). When personal service is the method adopted, the warrant having previously been granted, *it must be made as prescribed by law* (Civ. Prac. Act, § 905). This means, as prescribed by the statutes of the State of New York. There is no other authority for bringing foreign corporations under the jurisdiction of our courts. Previous to the personal service of the summons without the State and as a condition precedent to valid service, an affidavit must be filed in the action showing that a warrant of attachment, granted in the action, has been levied on property of the defendant within the State (Civ. Prac. Act, § 235). There is no evidence that such an affidavit was filed.

When an affidavit such as required by section 235 has been filed, the service may be made without the State on the foreign corporation " *in the same manner as if such service were made within the state,* except that a copy of the complaint must be * * * served with the

summons, and that such service must be made by a person or officer authorized under section two hundred and thirty-three of this act to make service without the state," etc. (Civ. Prac. Act, § 235.) If personal service were made within the State on a foreign corporation, it must be made by delivering and leaving a copy of the summons and complaint (1) with definitely designated officers of the corporation, or (2) " to a person or public officer designated for the purpose pursuant to law by certificate filed in the department of state, the department of banks or department of insurance, whose designation is in force, or if a designee, other than a public officer, has died, resigned or removed from the state, to the secretary of state as provided by the general corporation law," or (3) " to the cashier, a director or a managing agent of the corporation, within the state, if service cannot be effected under " the foregoing provisions. (Civ. Prac. Act, § 229.)

Attempt was here made to make service under (2) above. Service was made by a citizen and resident of the State of New York and by an attorney which presumptively establishes he was over eighteen years of age. Defendant has made no designation in the State of New York upon whom process in actions pending within the courts of the State of New York may be served. Rosenstein was not an officer of the defendant corporation as provided in subdivision (1) above, or the cashier, a director or managing agent referred to in (3) above. He was designated, as required by the laws of the State of New Jersey, in defendant's certificate of incorporation, as a person upon whom process issuing out of the courts of the State of New Jersey could be served. (Laws of New Jersey, 1898, p. 410; Laws of New Jersey, 1900, p. 313.) The argument advanced that the defendant by making such designation must be deemed to have consented to the service of process in foreign actions within the meaning of such authorities as *Gilbert* v. *Burnstine*

(255 N. Y. 348) can have no weight. The designation was compulsory for the purpose of service in New Jersey actions, not voluntary, even as to service of process in actions pending in New Jersey, much less as to actions pending in foreign courts.

Subdivision (2) above clearly reads and means that service may be made on a person designated pursuant to *our* law by certificate filed in *our* Department of State or *our* Department of Banks or *our* Department of Insurance, or to *our* Secretary of State as provided by *our* General Corporation Law (Cons. Laws, ch. 23). What other meaning could it have? It is in this State that we must look for such a certificate. It was never intended that we must search the files of departments of the government of a foreign State to find whether such a certificate was there filed and then search the foreign law to learn whether the certificate was filed in accordance with the provisions of the foreign law and whether the foreign law authorized the filing of the certificate to aid our courts to secure jurisdiction over the citizens of the foreign State.

Our Legislature has laid down the method by which a foreign corporation may be brought within the jurisdiction of our courts in an attachment suit for the purposes of adjudicating the rights of the parties, to the end that the thing attached may be applied to the satisfaction of the judgment rendered to the extent of the value of the *res* attached. The statute must be strictly followed and the courts have no power to import something into the statute not intended by the Legislature. (*Valz* v. *Sheepshead Bay Bungalow Corp.*, 249 N. Y. 122; *Korn* v. *Lipman,* 201 N. Y. 404; *Cohnfeld* v. *Bliss*, 174 App. Div. 434; affd., 220 N. Y. 681; *Kieley* v. *Central C. C. Mfg. Co.*, 147 N. Y. 620, 622.) The statute here has reference to persons designated by our own laws (General Corporation Law, § 217; Banking Law [Cons. Laws, ch. 2], § 28; Insurance Law [Cons. Laws, ch. 28], § 30), and the

object is to facilitate service of process within the State in actions pending within the State against foreign corporations. (*Bagdon* v. *Philadelphia & Reading C. & I. Co.*, 217 N. Y. 432.) With the same purpose and intent, the Legislature of New Jersey had made its provision for service of process in suits pending in its courts on a person designated in the certificate of incorporation of its own corporations. (*Kane* v. *Essanay Film Mfg. Co.*, 98 N. J. L. 363.) It cannot be held that our Legislature intended to or did provide for service of process in a foreign State in actions pending in our courts upon persons designated by the foreign State to receive process in actions there pending. Nor did it have power to do so.

In *Simon* v. *Southern Railway Co.* (236 U. S. 115) the court says (at p. 130): " Subject to exceptions, not material here, every State has the undoubted right to provide for service of process upon any foreign corporations doing business therein; to require such companies to name agents upon whom service may be made; and also to provide that in case of the company's failure to appoint such agent, service, in proper cases, may be made upon an officer designated by law. *Mutual Reserve Assn.* v. *Phelps*, 190 U. S. 147: *Mutual Life Ins. Co.* v. *Spratley*, 172 U. S. 603. But this power to designate by statute the officer upon whom service in suits against foreign corporations may be made relates to business and transactions within the jurisdiction of the State enacting the law. Otherwise, claims on contracts wherever made and suits for torts wherever committed might by virtue of such compulsory statute be drawn to the jurisdiction of any State in which the foreign corporation might at any time be carrying on business. The manifest inconvenience and hardship arising from such extraterritorial extension of jurisdiction, by virtue of the power to make such compulsory appointments, could not defeat the power if in law it could be rightfully exerted. But

these possible inconveniences serve to emphasize the importance of the principle laid down in *Old Wayne Life Association* v. *McDonough*, 204 U. S. 22, *that the statutory consent of a foreign corporation to be sued does not extend to causes of action arising in other states.*"

Suggestion has been made that all purposes are served if " notice is given " of the action pending in our courts. If so, telephone or letter would sufficiently serve the purpose. The Legislature has not so enacted. It definitely stated in clear and unequivocal language and with an intent for which no search need be made beyond the words of the applicable statutes what must be done, what steps must be taken, in what order these steps must proceed before personal service may be made without the State on a foreign corporation. The courts may neither vary the order of the steps nor substitute other or " what may be just as good " for those requirements. (*Cohnfeld* v. *Bliss, supra.*) It seems to me clear that plaintiff failed here to follow the requirements of the statute and that attempted service accomplished nothing.

For the reasons above, the orders appealed from should be affirmed, with costs, and the question certified answered in the negative.

O'BRIEN, HUBBS and LOUGHRAN, JJ., concur with CRANE, Ch. J.; RIPPEY, J., dissents in opinion; LEHMAN and FINCH, JJ., taking no part.

Orders reversed, etc.