**A. M. SIMON COMPANY, Inc.,**
**Plaintiff,**

v.

**WILLIAM McWILLIAMS INDUSTRIES,**
**INC., Harold Weinstein and Morry**
**M. Mason, Defendants.**

**No. 68 Civ. 197.**

United States District Court
S. D. New York.

June 21, 1968.

Gettinger & Gettinger, New York City, for plaintiff, Irving J. Kaufman, New York City, of counsel.

White & Case, New York City, for defendant Williams-McWilliams Industries, Inc. (sued herein as William McWilliams Industries, Inc.), David Hartfield, Jr., Paul J. Bschorr, New York City, of counsel.

## MEMORANDUM

McLEAN, District Judge.

This action to recover compensation for services allegedly performed by plaintiff as a broker and finder was begun in the Supreme Court, New York County. It was removed to this court by defendant Williams-McWilliams Industries Inc. (McWilliams) on the ground of diversity of citizenship. Defendant McWilliams now moves to vacate the purported service of process upon it. The relevant facts are undisputed.

McWilliams is a Delaware corporation. Its principal place of business is in New Orleans, Louisiana. It has no office and does no business in New York, although it formerly did. It has filed a certificate of withdrawal from New York with the New York Secretary of State.

None of McWilliams' officers resides in Delaware. It has a resident agent there, however, the Corporation Trust Company, who is authorized to accept service of process. The Corporation Trust Company is registered with the Secretary of State of Delaware as defendant's resident agent.

■ The purported service in this action upon McWilliams was made in Delaware. Plaintiff claims that New York has jurisdiction over this defendant under the long arm statute, CPLR § 302. Defendant does not dispute that claim.

Service was made by a Delaware sheriff by delivering the summons and complaint to the Delaware Secretary of State. This service was not valid under Delaware law, which permits service upon the Secretary of State only when the process server cannot "by due diligence" serve an officer or the registered agent. Delaware General Corporation Law § 321(b). The sheriff did not exercise due diligence in this instance. He could have ascertained the name and address of defendant's registered agent merely by telephoning the Delaware Secretary of State's office. Presumably, the Delaware sheriff was familiar with Delaware law and with the well known fact that in Delaware the Corporation Trust Company acts as the resident agent for many corporations. Why he made no such inquiry does not appear.

■ If this service, made before the action was removed to this court, was defective under New York law, then this court, after removal, has no jurisdiction over the person of McWilliams. Meyer v. Indian Hill Farm, 258 F.2d 287 (2d Cir. 1958).

CPLR § 313, which governs the mode of service in cases in which the jurisdiction of the New York courts rests on the long arm statute, CPLR § 302, provides that service may be made without the state "in the same manner as service is made within the state." Plaintiff argues that this means that service on the Secretary of State of Delaware must be valid because in New York valid service upon a corporation may be made by serving the New York Secretary of State. Although the authorities on this question are sparse and not very explicit, the court is satisfied that this contention is unsound.

■ CPLR § 311 provides that service may be made in New York upon a domestic or foreign corporation by serving an officer or "any other agent authorized by appointment or by law to receive service." In stating that service without the state may be made "in the same manner" as service within the state, Section 313 must mean that service without the state is valid if it is made upon an officer or any other agent

authorized by appointment or by law to receive service.

In New York the Secretary of State is such an agent both by appointment and by law. Every domestic corporation and every foreign corporation qualified to do business in New York must designate the Secretary as its agent for that purpose. New York Business Corporation Law McKinney's Consol.Laws, c. 4, § 304.

In Delaware, this is not the case. McWilliams did not appoint the Delaware Secretary of State its agent to receive service. The Delaware law did not so designate him except to the limited extent that he may be served if the process server is unable by due diligence to find an officer or a registered agent of McWilliams. Thus, the Secretary of State in Delaware is not comparable to the Secretary of State in New York. He is not one of the persons referred to in CPLR § 311. Hence, service upon him in Delaware is not service "in the same manner" as service upon the New York Secretary of State in New York.

Certain language in Meyer v. Indian Hill Farm, supra, supports this conclusion. The court there said (258 F.2d at 293):

> "Of course, New York could not empower the New Jersey Secretary of State to perform the function of accepting service of process issued out of a New York court."

Thus, if Delaware law did not authorize service of a summons upon the Secretary of State under any circumstances, the delivery of the summons to him in Delaware could not be a valid service of process issued out of a New York court. *See also* Howard Converters, Inc. v. French Art Mills, Inc., 273 N.Y. 238, 7 N.E.2d 115 (1937).

And the same principle applies here where the service is invalid under Delaware law, not because the Secretary of State can never be served under any circumstances, but because he can be served only under certain conditions which are not present in this case.

It is claimed that plaintiff here could have made a valid service in this action upon the New York Secretary of State because his claim arises out of business done by McWilliams in New York before its withdrawal from the state. If that be true, it makes no difference in the result on this motion. Plaintiff did not serve the New York Secretary of State. Instead, he served the summons on a person who, under the circumstances, was not authorized either by appointment by defendant or by law to receive it. It follows that the service was invalid.

Defendant McWilliams' motion to vacate the purported service of process upon it is granted. The action is dismissed against it for lack of jurisdiction over the person of that defendant.

So ordered.