OPINION OF THE COURT
Paul A. Victor, J.
In these consolidated proceedings, defendant Worthington Cylinders Corporation (hereinafter Worthington) moves by order to show cause for an order dismissing the complaint of plaintiffs Russell Breer and Shirley Breer, as well as the cross claims of defendants Sears, Roebuck and Co., Imperia Bros., Inc., LPG Fuels, Inc., and the cross claims of Andrew Rogers, Administrator of the Estate of Catherine Day, on the ground that personal jurisdiction over the moving defendant was not acquired.
Issues Presented
In a case of first impression under the CPLR, this court is presented with the issue whether personal service on a foreign corporation, which is not authorized to do business in New York, may be accomplished by service upon the Secretary of State of the foreign jurisdiction. In addition, the court must consider whether that unauthorized foreign corporation has *918 waived the defense of defective service by its failure to timely move to dismiss the complaint pursuant to CPLR 3211 (e).
Background
On July 28, 1990, the decedent Catherine Day requested the assistance of her neighbor, Russell Breer, in attaching a propane tank to her barbecue grill, which the decedent had located on a screened-in porch attached to her private dwelling. The tank had been manufactured by defendant Worthington. While attempting to connect the tank to the grill, an explosion and fire occurred, injuring Breer and killing Catherine Day. Ms. Day’s daughter, plaintiff Theresa Day, who ran to assist her mother, suffered psychological injury. The Day plaintiffs commenced an action for wrongful death and personal injury, and Breer and his wife, who sues derivatively, commenced an action for personal injury (the Breer action). These actions, as well as a third action seeking damages for property damage, were consolidated for joint trial in an order dated December 1, 1994.
Procedural History
On the eve of trial, defendant Worthington, a corporation incorporated in the State of Ohio, made the instant motion to dismiss, contending that it had not been properly served with process, and that consequently, jurisdiction had not been obtained against it in the Breer action. Defendant Worthington, a foreign corporation not authorized to do business in New York, does not deny that it is subject to the long-arm jurisdiction of the courts of this State pursuant to CPLR 302. Worthington claims, however, that service upon it, as an unauthorized foreign corporation, had to be made in compliance with Business Corporation Law § 307. Worthington further argues that plaintiffs failed to effectuate service in compliance with that section, and in particular, had failed to file an affidavit of compliance, or, indeed, proof of service of any kind, as required by the provisions of Business Corporation Law § 307 (c). The defect, defendant maintains, constitutes an incurable jurisdictional impediment to the maintenance of the Breer action.
Plaintiff Breers’ counsel claims that he initially attempted to serve defendant Worthington on or about May 11, 1992, via service on the Secretary of State of New York, and by ordinary mail to a person identified as Worthington’s agent for the acceptance of service in Ohio. A slip which ostensibly accompanied the complaint when it was served on the Secretary *919 of State bears a printed notation which reads, “Service is intended to be made on Worthington Cylinders Corp. pursuant to 306 BCL.” The papers were returned by the Secretary of State with the handwritten phrase, apparently added by employees of the Secretary of State, “No Record of Authority.”
Subsequent to the rejection by the Secretary of State of New York, plaintiff Breers’ counsel contacted the Secretary of State of Ohio, and was advised that service could be effected through that office pursuant to Ohio Revised Code Annotated § 1701.07 (H). That Code provision states, in pertinent part: “(H) Any process, notice, or demand required or permitted by statute to be served upon a corporation may be served upon the corporation by delivering a copy of it to its agent * * * If * * * (3) the corporation has failed to maintain an agent as required by this section, and if in any such case the party desiring that the process, notice, or demand be served * * * shall have filed with the secretary of state an affidavit stating that one of the foregoing conditions exists and stating the most recent address of the corporation that the party after diligent search has been able to ascertain, then service of process, notice, or demand upon the secretary of state, as the agent of the corporation, may be initiated by delivering to the secretary of state * * * quadruplicate copies of such process, notice, or demand and by paying to the secretary of state a fee of five dollars. The secretary of state shall forthwith give notice of the delivery to the corporation at its principal office * * * and shall forward to the corporation at said addresses, by certified mail, with request for return receipt, a copy of the process, notice, or demand; and thereupon service upon the corporation shall be deemed to have been made.” (Emphasis added.)
The record does not disclose whether Worthington failed to maintain an agent for service of process as required by Ohio law. It is noted that plaintiff stated that process was mailed to a person identified as Worthington’s agent for the acceptance of service in Ohio, suggesting, but by no means establishing, that Worthington did indeed comply with that component of Ohio’s statutory scheme for service on its domestic corporations. Subsequently, the requisite fee and the papers were dispatched by plaintiff to the Ohio Secretary of State, who served Worthington pursuant to Ohio Revised Code Annotated § 1701.07 (H). When service was effected, the Ohio Secretary of State returned a document entitled proof of service. The “proof of service” mailed by the Secretary of State of Ohio indicates that the Secretary of State served Worthington by certified *920 mail, return receipt requested, as provided in the Code. Although plaintiffs’ counsel states that he has “a distinct recollection” of filing of this document with the County Clerk of Bronx County, no record of such filing was produced.
Plaintiff Breers maintain, in the alternative, that irrespective of the invalidity of all of the attempts at service, defendant Worthington has waived its jurisdictional defense by reason of its failure to comply with CPLR 3211 (e), which, effective January 1, 1997, requires that a motion to dismiss be made within 60 days after the service of a pleading asserting a defense based on lack of personal jurisdiction.
In its answer dated June 12, 1992, defendant Worthington asserted a defense of lack of personal jurisdiction, and now argues, inter alia, that assuming arguendo that CPLR 3211 (e) applies, the 1997 amendment should not be applied retroactively, and that, in any event, the failure to properly serve Worthington constituted an “incurable” jurisdictional impediment.
Discussion
Service Pursuant to Business Corporation Law §§ 306 and 307
When a foreign corporation has been authorized to conduct business in New York, Business Corporation Law § 306 permits service on the foreign corporation via service upon the Secretary of State of New York. In the case under consideration, defendant Worthington was not authorized to conduct business in the State of New York, and thus plaintiffs’ attempt to serve said defendant pursuant to Business Corporation Law § 306 was clearly invalid.
Section 307 of the Business Corporation Law deals with service upon unauthorized foreign corporations. Although service is initially made on the New York Secretary of State, as is the case under Business Corporation Law § 306, it has been held that in order to satisfy due process requirements, in addition to service on the Secretary of State, compliance with all of the additional section 307 provisions is required. (Flick v Stewart-Warner Corp., 76 NY2d 50 [1990].) Consequently, it is required that notice of the service and a copy of the process must be “[djelivered personally without this state to such foreign corporation” (Business Corporation Law § 307 [b] [1] [emphasis added]), or “[s]ent by or on behalf of the plaintiff to such foreign corporation by registered mail with return receipt requested” (Business Corporation Law § 307 [b] [2] [emphasis *921 added]). In addition, section 307 (c) (1) requires that an “affidavit of compliance” and ancillary documents be filed with the clerk of the court in which the action is pending within 30 days after such service.
The manner of service attempted by plaintiffs here clearly cannot be sustained under Business Corporation Law § 307. Indeed, the facts indicate that it is unlikely that plaintiffs were aware of the provisions of Business Corporation Law § 307. The slip accompanying the process delivered to the Secretary of State of the State of New York made reference to Business Corporation Law § 306. Among the myriad deficiencies in service under section 307 are the rejection of process by the Secretary of State; the fact that service was effectuated by certified mail, and not registered mail, as provided in Business Corporation Law § 307 (b) (2); and the failure to file either the return receipt signed by the foreign corporation or other official proof of delivery pursuant to Business Corporation Law § 307 (c) (2). Moreover, in view of the holding in Flannery v General Motors Corp. (214 AD2d 497 [1st Dept 1995], affd 86 NY2d 771 [1995]), service under Business Corporation Law § 307 is fatally defective due to plaintiffs’ failure to file a certificate of compliance. Counsel has merely stated his “recollection” that the proof of service received from the Secretary of State of Ohio was filed. Even if we accept as a factual matter that the proof of service received from the Secretary of State of Ohio had been filed, this document on its face, which merely recites that service was made in accordance with Ohio law, can hardly be considered as an acceptable substitute for the detailed averments required by Business Corporation Law § 307.
Accordingly, service under Business Corporation Law § 307 must be found insufficient. However, by its terms, Business Corporation Law § 307 does not purport to establish an exclusive mechanism for service on unauthorized, foreign corporations. (Business Corporation Law § 307 [e]; Van Wert v Black & Decker, 246 AD2d 773 [3d Dept 1998]; Low v Bayerische Motoren Werke, 88 AD2d 504.) Therefore, if the service through the Secretary of State of Ohio was consistent with service under a New York statute other than Business Corporation Law § 307, then personal jurisdiction was validly obtained over the defendant.
Service in Accordance With CPLR Article 3
At the time this action was commenced, CPLR 311 (a) (1) provided that personal service on a foreign corporation may be *922 accomplished by delivery “to any other agent authorized by appointment or by law to receive service” (emphasis added). In addition, CPLR 313 provided that: “A person domiciled in the state or subject to the jurisdiction of the courts of the state under section 301 or 302 [i.e., long-arm jurisdiction], or his executor or administrator, may be served with the summons without the state, in the same manner as service is made within the state, by any person authorized to make service within the state who is a resident of the state or by any person authorized to make service by the laws of the state, territory, possession or country in which service is made or by any duly qualified attorney, solicitor, barrister, or equivalent in such jurisdiction.” (Emphasis added.)
Clearly, therefore, while a defendant subject to the long-arm jurisdiction of the court may be served outside of New York State, that service must be made in the foreign jurisdiction in a manner consistent with the manner of service authorized under the laws of the State of New York. As noted by Joseph M. McLaughlin in his Practice Commentaries to CPLR 313, “When service is authorized to be made outside New York, it must be made in the foreign state or country as though that foreign state or country were New York.” (McKinney’s Cons Laws of NY, Book 7B, CPLR C313:2, at 427 [1990].)
The relevant question is, then, whether service on the Ohio Secretary of State constitutes service on defendant Worthington in a manner consistent with New York law. The answer depends upon two separate inquiries: first, whether the Secretary of State of Ohio was designated by Worthington as an agent for the service of process by actual designation, or by operation of Ohio law; and second, if the Ohio Secretary of State was a duly authorized agent, was the Ohio Secretary of State served in a manner consistent with New York law. Only after the first issue is resolved should the court examine the method of delivery which was actually employed to give notice to that agent. For the reasons which follow, this court holds that the Secretary of State of Ohio was not an agent for the service of process, and it is consequently not necessary to examine the type of service employed.
It must be noted that the Ohio Code provides a predicate to the appointment of the Secretary of State as an agent for service of process; and that the Code does not provide that service may be made in the first instance on the Ohio Secretary of State. Rather, as is clear from the language of the statute, some attempt at service on the corporation’s statutory agent *923 must be accomplished before resort to service on the Secretary of State may be undertaken. (See, e.g., Sirower v Club S. Inv. Co., 1989 WL 65406, 1989 Ohio App LEXIS 2378 [Ohio Ct App, 10th Dist, June 13, 1989, Cox, J.].) In the case at bar, plaintiff has not established the necessary prerequisites triggering the appointment of the foreign Secretary of State as an agent for the service of process.
The statutory predicate triggering the effectiveness of the designation by law of the Ohio Secretary of State cannot be assumed, on a silent record, from the fact that the Ohio Secretary of State in fact accepted service of process. Indeed, plaintiff himself purported to have served, by mail, process on a person identified, without elaboration, as the defendant’s designated agent for service in Ohio. It cannot be assumed that no individual was registered as an agent for the service of process in Ohio. Absent proof that the corporation had failed to maintain a designated agent, the Secretary of State of Ohio does not become an agent appointed by law for the service of process. Therefore, in the case before the court, since there was no showing that the statutory predicate was met, service on the Ohio Secretary of State is a nullity, and is insufficient to confer personal jurisdiction over defendant Worthington.
Similar, but not identical, issues were presented in Howard Converters v French Art Mills (273 NY 238 [1937]), Meyer v Indian Hill Farm (258 F2d 287 [2d Cir 1958]), and Simon Co. v McWilliams Indus. (286 F Supp 564).
In Howard Converters (supra), service was made on defendant, a New Jersey corporation, in New Jersey pursuant to former New York Civil Practice Act § 235, via service, not on the Secretary of State of New Jersey, but on an individual (Filbert L. Rosenstein) who was actually designated as an agent in New Jersey for the service of process, pursuant to the New Jersey Corporation Act. The New Jersey Corporation Act required corporations transacting business in New Jersey to designate an agent for the service of process. That case arose prior to the enactment of New York’s CPLR long-arm statute (see, L 1962, ch 308), and it concerned in rem jurisdiction over property located in New York, which could be effected, pursuant to former Civil Practice Act § 235, by service of process “ ‘upon a defendant without the state in the same manner as if such service were made within the state.’ ” (Supra, at 241.) The New York Court of Appeals observed that this section must be read as requiring service in the same manner as ser *924 vice would be made on a foreign corporation in New York State.[1] Under former Civil Practice Act § 229 (2), service on a foreign corporation in New York could be effectuated by service on a person designated as an agent for service by a certificate filed with the Department of State. The Court of Appeals observed that: “Service made upon a person designated for the purpose, pursuant to law, by certificate filed in the Department of State, would be good service of a foreign corporation within this state. Such a person occupying such a position without the state may be thus served to accomplish the purposes of section 235 of the Civil Practice Act.” (Supra, at 242.) The Court reasoned further that “An agent designated in New Jersey could be served there because such an agent (not the agent) could be served here if designated in the same way here.” (Supra, at 243.)
Expanding on the reasoning of Howard Converters (supra), the Federal Second Circuit Court of Appeals has held that, under New York law, service on the Secretary of State of New Jersey, appointed as an agent of a New Jersey corporation pursuant to the laws of New Jersey, suffices to confer jurisdiction on the foreign corporation'in New York. (Meyer v Indian Hill Farm, 258 F2d 287 [2d Cir 1958], supra.) The Meyer court reasoned that service on a foreign corporation could be effected within New York pursuant to former Civil Practice Act § 229 by service on a “ ‘person or public officer designated for the purpose pursuant to law by certificate filed in the department of state.’ ” A public officer designated as an agent for service pursuant to law was construed to include a public officer appointed under New Jersey law.
In Simon (supra), service of process on a Delaware corporation was attempted by service on the Delaware Secretary of State. However, the manner of service adopted by the plaintiff was held not sufficient to establish jurisdiction under New York law because of a variance between the statutes in New York and in Delaware which implement and permit service on a Secretary of State. The court in that action observed: “CPLR § 313, which governs the mode of service in cases in which the jurisdiction of the New York courts rests on the long arm stat *925 ute, CPLR § 302, provides that service may be made without the state ‘in the same manner as service is made within the state.’ Plaintiff argues that this means that service on the Secretary of State of Delaware must be valid because in New York valid service upon a corporation may be made by serving the New York Secretary of State. Although the authorities on this question are sparse and not very explicit, the court is satisfied that this contention is unsound.” (Supra, at 565.) The District Court reasoned that in New York, the Secretary of State is an agent both by law and by appointment, whereas in Delaware, pursuant to Delaware General Corporation Law § 321 (b), the Secretary of State is an agent for the service of process only to the extent that an officer or other registered agent cannot be located with due diligence. Because of this variance between statutes, the court concluded that service on the Delaware Secretary of State was consequently not comparable to service on the New York Secretary of State. This court concurs with the result in Simon, but not the reasoning expressed by the Federal District Court.
This court is not persuaded that the reasoning of Simon (supra) is sound, because in this court’s view the proper inquiry is not the similarity of the respective statutory schemes for service on the Secretary of State, but rather whether the Delaware Secretary of State constituted a duly authorized agent for the service of process, and whether service on him was effectuated in a manner consistent with New York law. In Simon, there was a failure to comply with the “due diligence” contingency upon which the designation of the Delaware Secretary of State as an agent for service was founded. Although recognizing that there was a failure to comply with this contingency, the Simon court did not base its decision upon this defect, but rather focused its concern on the differences between the Delaware and New York statutory schemes for service on the Secretary of State. The primary consideration should have been whether there was an effective designation of the foreign Secretary of State as an agent for the service of process. In Delaware, the Secretary of State is only authorized to accept service of process if, in the first instance, after due diligence, a corporate officer or other registered agent cannot be served. Once the contingency has been fulfilled, the designation of the Secretary of State is complete, and part one of the two-part predicate is satisfied. Only after that first threshold is passed, and it is established that the foreign Secretary of State is “[an] agent authorized * * * by law to receive service” (CPLR *926 311 [1] [emphasis added]), is it germane to inquire whether part two of the predicate is satisfied. The Simon bench never reached these issues because it erroneously focused on the dissimilarity of the implementing statutes.
In any event, a proper construction of CPLR 311 and 313 makes it plain that an agent designated “by appointment or by law” in the foreign jurisdiction, including a foreign Secretary of State, is authorized to receive service provided that service is accomplished in the same manner as service within New York State. Lastly, as the manner of service on defendant Worthington in Ohio was defective, the court must consider whether said defendant has waived the defense of lack of jurisdiction.
The Effect of Failure to Move to Dismiss Pursuant to CPLR 3211 (e)
CPLR 3211 (e), as amended, provides that “an objection that the summons and complaint * * * was not properly served, is waived if, having raised such an objection in a pleading, the objecting party does not move for judgment on that ground within sixty days after serving the pleading, unless the court extends the time upon the ground of undue hardship.” (See, L 1996, ch 501, § 1; eff Jan. 1, 1997.) The statute clearly applies to actions pending on the effective date of the statute so as to require that the motion be brought within 60 days of the effective date of the statute (i.e., on or before March 3, 1997). (Fleet Bank v Riese, 247 AD2d 276 [1st Dept 1998]; see also, LaSorsa v Corrigan, 256 AD2d 313 [2d Dept 1998].) Defendant has not made a showing of undue hardship so as to extend the effect of the operation of the statute, and therefore, the defense of improper service was accordingly waived by defendant’s failure to timely move for dismissal.[2] (Vandemark v Jaeger, 267 AD2d 672 [3d Dept 1999].)
Defendant Worthington nevertheless argues that the failure to properly effectuate service in this instance is incurable, relying on those cases previously discussed holding that the failure to comply with Business Corporation Law § 307 “is jurisdictional and does not constitute a ‘mere irregularitly]’ subject to cure” (Flannery v General Motors Corp., 86 NY2d 771, 773, supra). Worthington appears to confuse “subject matter jurisdiction,” with “personal jurisdiction.” An objection that the *927 court lacks subject matter jurisdiction may be raised at any stage of the proceeding, or by collateral attack, even if the party raising the issue of jurisdiction has previously consented to jurisdiction, or participated, without objection, in proceedings in that forum. (See, e.g., Matter of Montella v Bratton, 93 NY2d 424 [1999], revg 248 AD2d 134 [1998]; Siegel, NY Prac § 8 [3d ed].) However, personal jurisdiction may be conferred on a court by consent, stipulation, or waiver. (See generally, Siegel, NY Prac § 8 [3d ed].) Moreover, defendant’s argument, which is predicated on a legal argument not raised by plaintiff, presents a classic case of “bootstrapping.” Defendant argues that service was defective under Business Corporation Law § 307, even though plaintiff does not appear to have relied on that section, just so that defendant can argue that service was “incurably defective,” and therefore presumably not waivable. Nevertheless, contrary to defendant’s arguments, the language of CPLR 3211 (e) does not evince any intent on the part of the Legislature to exempt certain methods of service and in personam jurisdiction from its waiver provisions.
Conclusion and Order
Service on a foreign unauthorized corporation may be effected by service on the Secretary of State of the foreign State .only if the laws of that' jurisdiction appoint the foreign Secretary of State as an agent for the service of process. However, all of the foreign statutory prerequisites to the appointment of the foreign Secretary of State must be satisfied. Since plaintiffs have failed to establish that these prerequisites were satisfied, service upon the foreign Secretary of State was defective. However, defendant Worthington, by its failure to timely move for dismissal, has waived its defense of improper service, and therefore, its motion to dismiss is, in all respects, denied.

. Under the present state of the law in New York, this former distinction between service on domestic and foreign corporations has been abolished. (See, McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C311:l, at 377.) Consequently, applying the reasoning expressed in Howard Converters (supra) to the present situation, service on a foreign corporation served outside of the State must be accomplished by service in a manner consistent with service on a corporation (domestic or foreign) within New York State.

. It does not avail defendant to argue that the motion is more akin to a motion for summary judgment, as the 120-day time limit which applies to motions for summary judgment also began to run on January 1, 1997. (See, Phoenix Garden Rest, v Chu, 245 AD2d 164 [1st Dept 1997].)