OPINION OF THE COURT
Manuel J. Mendez, J.
This is an action to collect fees for technical and production services allegedly rendered by the plaintiff to the defendant at a trade show. Defendant now moves by order to show cause to dismiss this action for lack of jurisdiction pursuant to Business Corporation Law § 307 as a result of improper service of process. Defendant alternatively seeks an order vacating its default in failing to appear, and vacating the decision and judgment dated April 3, 2007 after inquest. Plaintiff opposes the motion and has submitted a cross motion which seeks an order, in the event the action is dismissed, extending its time to effect service pursuant to CPLR 306-b.
Factual Background
Defendant, a foreign corporation incorporated in Pennsylvania not licensed to do business in New York, states that this court does not have jurisdiction over it because plaintiff failed to properly serve it pursuant to Business Corporation Law § 307. The summons and complaint were served on the defendant on December 8, 2005 through the Secretary of State of the State of New York. A copy of the affidavit of service is annexed to plaintiffs cross motion papers as “exhibit D.” Plaintiff then served a copy of the summons and complaint on the defendant by registered mail. Pursuant to the supplemental affidavit of service/mailing, annexed to the defendant’s papers as “exhibit A,” the papers were mailed to “2000 Market Street — 6th Floor Philadelphia, PA 19103-3202,” on December 12, 2005. Defendant admits this address was listed on the Pennsylvania Department of State Web site as its “registered office address.” Defendant asserts this was and is the wrong address, and its offices are located at “2556 Metropolitan Avenue, Trevose, PA 19053.”
Defendant asserts this court lacks jurisdiction because the plaintiff did not file an affidavit of compliance in accordance with Business Corporation Law § 307 (c) (2). Pursuant to the statute, the affidavit has to be filed with the court within 30 *967 days of the completion of service. Service of process is deemed complete, pursuant to the statute, 10 days after the affidavit is filed with the court. The time to file an affidavit of compliance starts to run 30 days after the return receipt signed by the foreign corporation is received by the plaintiff. Defendant asserts the “Supplemental Affidavit of Service/Mailing” was not filed with the court until it was annexed as an exhibit to the cross motion papers; therefore, the plaintiff has not obtained jurisdiction over the defendant and the action should be dismissed.
Defendant makes an alternative argument that the judgment after inquest taken on default should be vacated pursuant to CPLR 5015. Defendant asserts the plaintiffs failure to properly serve papers is a reasonable excuse for untimely appearance and it has a meritorious defense because plaintiff failed to provide the contracted services. At oral argument defendant indicated another reasonable excuse for untimely appearance is it had provided an answer in this action but it was rejected by plaintiff because it was prepared and filed by an attorney that was not admitted in New York.
Plaintiffs cross motion asserts defendant had notice of the action and filed an answer with the court on January 30, 2006, which did not raise any affirmative defenses concerning lack of personal jurisdiction. Plaintiff further asserts the defendant has waived its defense of lack of jurisdiction pursuant to CPLR 3211 (e); therefore this motion should be denied. Alternatively, plaintiff seeks relief, pursuant to CPLR 306-b, to extend its time to effect service because the cause of action for breach of contract had accrued on August 12, 2002 and applying a six-year statute of limitations, time to serve process expires on August 12, 2008.
Legal Analysis
Service of process on an unauthorized foreign corporation is governed by the provisions of Business Corporation Law § 307. Failure to properly serve and file an affidavit of compliance after service on the New York State Secretary of State as required by Business Corporation Law § 307 (c) (2) is a jurisdictional defect and not “a mere irregularit[y] subject to cure.” (Flannery v General Motors Corp., 86 NY2d 771, 773 [1995] [internal quotation marks omitted].)
Pursuant to Business Corporation Law § 307 (c) (2), an affidavit of compliance has to be filed with the court within 30 days of completion of service and service is deemed complete 10 days *968 after the affidavit is filed with the court. A defect based on lack of proper service pursuant to Business Corporation Law § 307 is not cured by defendant’s subsequent receipt of actual notice of the action because strict compliance with the statute is required and any other form of notice does not bring the defendant into the jurisdiction of the court. (Flick v Stewart-Warner Corp., 76 NY2d 50 [1990].)
Pursuant to CPLR 3211 (e), a party may move to dismiss an action based on lack of personal jurisdiction at any time before service of a responsive pleading is required; an objection that the summons and complaint was not properly served is waived if, having raised such an objection in a pleading, the objecting party does not move for judgment on that ground within 60 days after serving the pleading.
The waiver provision of CPLR 3211 (e) would be applied to a claim of lack of jurisdiction pursuant to Business Corporation Law § 307 because there are no exceptions made in the statutory language for specific types of service made under other statutes. (Breer v Sears, Roebuck & Co., 184 Misc 2d 916 [Sup Ct, Bronx County 2000]; Wiebusch v Bethany Mem. Reform Church, 9 AD3d 315 [1st Dept 2004]; Par Plumbing Co., Inc. v Gotham Bay Constr. Corp., 8 Misc 3d 126[A], 2005 NY Slip Op 50895[U] [App Term, 1st Dept 2005]; Berger v Spring Partners, L.L.C., 9 Misc 3d 1122[A], 2005 NY Slip Op 51752[U], *8 [Sup Ct, NY County 2005], citing Iacovangelo v Shepherd, 5 NY3d 184 [2005], and Addesso v Shemtob, 70 NY2d 689 [1987].)
Plaintiff objected to defendant’s answer of January 2006 and obtained a default judgment based on defendant’s “nonappearance” in this action. It cannot now raise as a defense to defendant’s motion to dismiss that the objection to personal jurisdiction has been waived by the defendant for failure to have raised it in its answer, or for failure to have moved for judgment on that ground within 60 days after serving the responsive pleading. If defendant answered then plaintiff should not have obtained a default judgment. If defendant has not answered then the waiver provisions of CPLR 3211 (e) are not applicable, this motion should be granted and the action dismissed.
Plaintiff argues that pursuant to CPLR 306-b were the court to grant defendant’s motion and dismiss this action, the period to timely serve the defendant should be extended.
The relevant section of CPLR 306-b specifically states: “If service is not made upon the defendant within the time provided in this section, the court, upon motion, shall dismiss the action *969 without prejudice as to that defendant, or upon good cause shown or in the interest of justice, extend the time for service.”
The interpretation of this section of CPLR 306-b involves a two-prong test: the first being whether there has been good cause shown for the extension; the second, whether the court should grant the extension in the interest of justice. The Court of Appeals of New York indicated that to satisfy the interest of justice provision in CPLR 306-b, rule 4 (m) of the Federal Rules of Civil Procedure provides a useful template, and relevant factors can include the expiration of the statute of limitations, the meritorious nature of the action, prejudice to the defendant, length of delay and promptness of plaintiffs request for the extension. (Leader v Maroney, Ponzini & Spencer, 97 NY2d 95 [2001].)
This court is aware of the lengthy time involved in trying to effectuate service on a foreign corporation through the New York Secretary of State. It could be months before the required proof of mailing reaches the plaintiff, so as to allow it to file proof of service with the clerk of the court. Taking that situation into account this court finds that there is good cause for granting the extension, even though the statute of limitations has not expired and will not expire for approximately four months.
Conclusion
Upon a review of the papers on this motion by order to show cause, this court finds defendant did attempt to serve and file an answer in this action, on January 30, 2006, but it was rejected by plaintiff because it was prepared by an attorney that was not admitted to practice in New York. Plaintiff proceeded to obtain a default judgment based on nonappearance of the defendant. The defendant was not properly served by the plaintiff, and no proof was provided that an affidavit of compliance was timely filed with the court. The defendant may have received notice of the action but it was not in strict compliance with Business Corporation Law § 307 (c) (2). This court finds the defendant has a reasonable excuse for failure to properly and timely appear in this action based on plaintiffs rejection of the answer and the failure to be served with papers at the actual corporate offices. Since defendant’s answer was rejected there has been no waiver of defendant’s objection to personal jurisdiction. The motion to dismiss for lack of personal jurisdiction, being timely, is granted by this court and the action is dismissed.
*970 Plaintiff’s cross motion to extend the time to serve is granted to the extent of allowing plaintiff an additional 120 days from the expiration of the statute of limitations to effectuate service.
Accordingly, defendant’s motion by order to show cause is granted, and this case is dismissed without prejudice. Any restraining notices on the defendant’s bank accounts or income executions are hereby vacated. Plaintiff’s cross motion is granted to the extent stated herein.